**UNITED STATES of America, Appellee,**

v.

**Charles CORTESE and Fred Farro, Appellants.**

**No. 332, Docket 24339.**

United States Court of Appeals Second Circuit.

Argued May 17, 1957.

Decided June 4, 1957.

Peter L. F. Sabbatino, of Sabbatino & Todarelli, New York City (Thomas J. Todarelli, of Sabbatino & Todarelli, New York City, on the brief), for appellants.

John T. Moran, Jr., Asst. U. S. Atty., S.D.N.Y., New York City (Paul W. Williams, U. S. Atty., and Robert Kirtland, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, Chief Judge, and SWAN and POPE, Circuit Judges.

PER CURIAM.

The two defendants-appellants here were convicted and sentenced to substantial prison terms on January 24, 1951, for stealing merchandise from an interstate shipment of motor freight. They were sent to the Federal Detention Headquarters in New York City, which, because of its limited facilities, does not retain prisoners for service of sentence, though prisoners not electing to serve pending appeal are allowed to remain there. On May 15, 1951, the record clerk at the Headquarters notified them that, since they had filed notices of appeal, they must elect either not to serve or to allow their sentences to continue running and that in the latter event they were subject to transfer to the designated institution for service of the sentences imposed. So each of them signed a document stating that "until further notice or as otherwise determined by the Court, I elect to discontinue further service of the sentence imposed." Each added after his signature, "Signing under protest." Their convictions (with others) were affirmed in United States v. Simone, 2 Cir., 205 F.2d 480, certiorari denied Farro v. United States, 347 U.S. 929, 74 S.Ct. 532, 98 L.Ed. 1082. Our mandate was filed with the District Court on July 15, 1953. Meanwhile Cortese had elected to resume service on December 17, 1951, and Farro did so on July 15, 1953. They have been credited with time served from January 24 to May 15, 1951, and thereafter only with time served after their respective elections to resume service. Thus their terms of confinement have actually been prolonged, in Farro's case most substantially. They were represented at all times by experienced counsel who visited them from time to time at the Detention Headquarters. The trial judge refused to make any modification of their sentences and they then brought on motions —presumably under F.R.Cr.P., rule 36, for the correction of mistakes in sentences—asking to have their respective elections declared nullities.

Judge Ryan's reasoned opinion refusing to grant their motions—following a like ruling by Judge Weinfeld in United States v. Walker, D.C.S.D.N.Y., 17 F.R.D. 5—we think properly states the law. The governing provision is F.R.Cr.P., rule 38(a) (2), which reads: "A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."

This language, we think, does not call for a dryly literal interpretation of "commence," forcing a prisoner to his election at the very moment of sentence, but is subject to a common-sense interpretation allowing of some delay until the issue is of some direct and immediate importance to the person involved. As construed, the prisoner gets the advantage of such period as elapses before the crowded conditions at the local Detention Headquarters force the removal of as many prisoners as is possible to more permanent places of incarceration. A contrary interpretation would thus often work against the interests of the prisoners. Here the defendants were properly instructed as to the situation and made their unfettered choice.

Order affirmed.