**Charles TANDLER, Plaintiff-Appellant,**

v.

**Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Defendant-Appellee.**

**No. 26824**
**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

July 3, 1969.

Charles Tandler, pro se.

Charles L. Goodson, U. S. Atty., Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for defendant-appellant.

Before BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

▆ Pursuant to new Rule 18 of the Rules of this court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F. 2d 804.

This appeal is from the district court's denial of a federal convict's habeas corpus petition to be given credit for time spent in jail pending appeal. We affirm.

Appellant was convicted in the Southern District of New York for narcotics violations and was sentenced to a fifteen-year term on February 13, 1962. He filed his notice of appeal and on February 21, 1962, filed an election not to commence service of his sentence pending appeal, pursuant to Rule 38(a) (2), Federal Rules of Criminal Procedure (as it stood prior to July 1, 1966). On Sep-

tember 21, 1962, while his appeal was still pending, appellant was removed from the Federal Detention Headquarters in New York to the penitentiary at Lewisburg, Pennsylvania, and on October 12, 1962, was transferred to the penitentiary in Atlanta, Georgia. On November 8, 1962, the Court of Appeals for the Second Circuit affirmed his conviction (United States v. Agueci, 2 Cir., 1962, 310 F.2d 817; cert. den. 372 U.S. 959, 83 S.Ct. 1013, 10 L.Ed.2d 11 (1963)).

Appellant has been credited for time served from September 21, 1962, the date of his transfer. In his petition for habeas corpus he contends that being denied credit for the 211 days from February 21, 1962, until September 21, 1962, violates his constitutional rights.

Appellant's contention lacks merit. Under Rule 38(a) (2), F.R.Crim.P., as it existed prior to July 1, 1966, where a convicted defendant appeals and elects not to commence service of his sentence, he cannot receive credit for post-sentence time spent in custody pending the disposition of the appeal. Allocco v. Heritage, 5 Cir., 1962, 310 F.2d 719; Shelton v. United States, 5 Cir., 1956, 234 F.2d 132; United States v. Pruitt, 7 Cir., 1968, 397 F.2d 502. Nor do our decisions in Bryans v. Blackwell, 5 Cir., 1967, 387 F.2d 764 or Putt v. United States, 5 Cir., 1968, 392 F.2d 64, rescue defendant since they deal with 18 U.S.C.A. § 3568 before its amendment in 1966. Section 3568 by its 1960 terms gave credit only for time served "prior to the imposition of sentence" while the uncredited time defendant served in this case was after the imposition of sentence. Section 3568 was amended by the Bail Reform Act of 1966 to give credit for "any days spent in custody in connection with the offense * * *." But this amendment is likewise of no avail to defendant since § 6 of Pub.Law 89–465, 80 Stat. 217, provided that the amendment would be applicable only to sentences imposed on or after the effective date of the amendment, which was Sep-

tember 20, 1966. See also Ballard v. United States, 5 Cir., 1968, 388 F.2d 607; Bryans v. Blackwell, 5 Cir., 1967, 387 F.2d 764.

Affirmed.