**Wade George DUKE, Petitioner-Appellant,**

**v.**

**Olin G. BLACKWELL, Warden, U. S. Penitentiary, Atlanta, Georgia, Respondent-Appellee.**

**No. 29243**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 20, 1970.

**532**

Wade George Duke, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM.

■ Wade George Duke appeals from the district court's denial of his petition for a writ of mandamus to require federal officials to give him credit for time spent in jail pending appeal. We affirm.[1]

Appellant was convicted of transporting a stolen motor vehicle in interstate commerce in violation of 18 U.S.C. § 2312 and was sentenced on December 8, 1964 to serve the statutory maximum of five years imprisonment. On the same date appellant executed an election pursuant to Rule 38(a) (2), F.R. Crim.P., not to

commence service of sentence.[2] The court set bond pending appeal but indigency prevented appellant from posting bond until July 23, 1965. He was returned to custody on June 4, 1966 following affirmance of his conviction.

■ Appellant now contends that he is entitled to 227 days credit for the time spent in custody pending appeal. This court has considered and rejected this argument several times. In Tandler v. Blackwell, we held:

> Under Rule 38(a) (2), F.R. Crim.P., as it existed prior to July 1, 1966, where a convicted defendant appeals and elects not to commence service of his sentence, he cannot receive credit for post-sentence time spent in custody pending the disposition of the appeal. Allocco v. Heritage, 5 Cir. 1962, 310 F.2d 719; Shelton v. United States, 5 Cir. 1956, 234 F.2d 132; United States v. Pruitt, 7 Cir. 1968, 397 F.2d 502.[3]

Appellant attempts to distinguish his situation because he received the maximum five-year sentence for the offense. He insists that the due process clause prohibits a sentence in excess of the statutory maximum penalty and considering the time served pending appeal, he will serve more than the maximum. This is a distinction without significance. The due process clause is equally effective to free one who is wrongfully imprisoned in excess of the maximum statutory penalty or in excess of a lesser court-determined penalty. The argument raised by appellant, when examined in this light, is precisely that rejected by this court in *Tandler*.

Affirmed.

---

1. Pursuant to our Rule 18 this case is decided without oral argument.

2. Prior to the 1966 amendment to Rule 38(a) (2), a defendant wishing to appeal his conviction could elect not to serve his sentence pending direct appeal, in order

to remain in the place where he was tried. He would not, however, receive credit on his sentence for such time spent in custody. See Tandler v. Blackwell, infra.

3. 412 F.2d 780 (5th Cir. 1969).