Charles E. LAWRENSON, Petitioner-Appellant,

v.

Olin G. BLACKWELL, Warden, Respondent-Appellee.

No. 29883.

United States Court of Appeals, Fifth Circuit.

May 18, 1971.

Charles E. Lawrenson, pro se.

John W. Stokes, U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Charles E. Lawrenson appeals from the district court's denial of his petition in the nature of mandamus. We affirm.[1]

Subsequent to his conviction of a federal offense, the appellant in 1960 elected not to commence service of his sentence pending his direct appeal, pursuant to Rule 38(a) (2), F.R.Crim.P. He now seeks credit for approximately 400 days spent in custody awaiting the disposition of his appeal.

Prior to a 1966 amendment to Rule 38(a) (2), a defendant was allowed to remain in his place of trial while his direct appeal was pending, upon his execution of an election not to commence serving his sentence; but he would not be credited with such time spent in custody.

Although the amended Rule provides that credit shall be given for post-sentence jail time, we have repeatedly held that the amendment is not to be applied retrospectively. Duke v. Blackwell, 5th Cir. 1970, 429 F.2d 531; Tandler v. Blackwell, 5th Cir. 1969, 412 F.2d 780; Allocco v. Heritage, 5th Cir. 1962, 310 F.2d 719.

Since the appellant served his 400 days of "dead time" prior to 1966, his contention that he should be credited therewith is without merit.

The judgment of the district court is affirmed.

Affirmed.

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.