264 So.2d 638

STATE of Louisiana

v.

Clarence WILLIAMS.

No. 52285.

June 29, 1972.

Concurring Opinion June 30, 1972.

Dissenting Opinion July 13, 1972.

Rehearing Denied July 31, 1972.

Robert Glass, New Orleans, for defendant-relator.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-respondent.

DIXON, Justice.

On April 11, 1967, Clarence Williams was charged in a bill of information filed in

Orleans Parish with the crime of possession of heroin. He posted bond and was released. Trial was held on March 10, 1969. Williams was found guilty as charged. On May 7, 1969, he was sentenced to serve seven and one-half years in the penitentiary. He was not entitled to bail following his conviction because his sentence exceeded five years. See La.Const. Art. I, § 12; C.Cr.P. art. 314. On May 15, 1969, Williams moved for a suspensive appeal which was granted. On May 4, 1970, this court affirmed his conviction. See State v. Williams, 256 La. 229, 235 So.2d 578. A rehearing was denied June 8, 1970. On June 17, 1970, relator was sent to the penitentiary to begin serving his sentence.

On December 2, 1971, Williams filed a motion for credit for the time he had served in the parish prison between his conviction and the passing of sentence (a total of fifty-eight days) and between the passing of sentence and the final disposition of his case by this court (a total of three hundred eighty-nine days). The trial court denied the motion on December 14, 1971. On March 17, 1972, Williams through his counsel announced his intention to apply for writs of certiorari, prohibition and mandamus. We granted writs of review on April 6, 1972, 261 La. 454, 259 So.2d 911.

Williams claims two things in his application: (1) that he is entitled to credit on his sentence for time served in parish prison prior to sentence, and (2) that he

is entitled to credit on his sentence for the time served in parish prison between the imposition of sentence and the day his conviction became final.

Article 880 of the Code of Criminal Procedure when enacted in 1966 provided:

"The court, when it imposes sentence, *may* give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." (Emphasis added).

Act 285 of 1970 changed the word "may" to the word "shall." Relator was in custody between the conviction and sentence. But this custody was prior to the amendment to C.Cr.P. art. 880 which now makes it mandatory that the trial judge give the defendant credit for the time served prior to sentencing. The question before us thus becomes one of whether the amendment to Article 880 is subject to retroactive interpretation.

█ It is recognized law that in the absence of a statute specifically giving credit for time served prior to sentence, the matter is within the discretion of the trial judge. One does not have a federal constitutional right to receive credit for time so served. Gremillion v. Henderson, 425 F.2d 1293 (5th Circuit).

In Ryan v. State, 259 La. 995, 254 So.2d 273, the trial court vacated an illegal sentence and resentenced the accused on July 29, 1971. At the time of the resentencing, the controlling law was Act 285 of 1970. This court ordered the trial judge to give Ryan a credit of eleven months on his sentence for the time he had spent in custody between his conviction and the resentencing.

Ryan v. State offers the relator herein no help because the sentence of seven and one-half years was imposed prior to the amendment of Article 880.

█ In light of the Gremillion decision, we conclude that Act 285 of 1970 is not retroactive and that the relator herein is not entitled to fifty-eight days credit on his sentence for time served between the conviction and sentence.

Article 913(B) of the Code of Criminal Procedure provides:

"An appeal by the defendant suspends the execution of sentence. If the defendant is not or cannot be admitted to bail, the trial court *may*, in conformity with Article 881, amend the sentence to grant credit for all or a part of the time served pending the appeal." (Emphasis added).

In North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, Pearce had been convicted of assault with intent to commit rape and was sentenced to twelve to fifteen years. Several years later, his conviction was reversed in a post-conviction proceeding. He was retried, convicted and sentenced to eight years. When the

eight years were added to the time that he had spent in prison, the sentence imposed was longer than the original sentence. In a companion case decided along with Pearce in the same opinion (Simpson v. Rice), Rice had pleaded guilty in an Alabama court to four charges of second degree burglary and was sentenced to ten years. Two and one-half years later, the guilty plea was set aside in a *coram nobis* proceeding because Rice had not been afforded counsel. He was retried on three of the charges and was sentenced to a term totaling twenty-five years with no credit for time served on the original sentence. Both Pearce and Rice sought habeas corpus relief in United States District Court alleging that they must be given credit for time served. Both were successful. The Fourth and Fifth Circuit Courts of Appeals affirmed respectively the district courts. The United States Supreme Court affirmed in both cases holding that it was an infringement on the right to appeal not to give credit for time already served in jail on the same charges:

"... the imposition of a penalty upon the defendant for having successfully pursued a statutory right of appeal or collateral remedy would be no less a violation of due process of law. 'A new sentence, with enhanced punishment, based upon such a reason, would be a flagrant violation of the rights of the defendant.' Nichols v. United States

[8 Cir.] 106 F. 672, 679. A court is 'without right to . . . put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered. . . . [I]t is unfair to use the great power given to the court to determine sentence to place a defendant in the dilemma of making an unfree choice.' Worcester v. Commissioner of Internal Revenue, 1 Cir., 370 F.2d 713, 718. See Short v. United States, 120 U.S.App.D.C. 165, 167, 344 F.2d 550, 552." 395 U.S. at 724, 89 S.Ct. at 2080.

In Robinson v. Beto, 426 F.2d 797 (5th Circuit), Robinson had been sentenced to a maximum of ten years in the penitentiary for felony theft. He appealed his conviction to the Texas Court of Criminal Appeals which affirmed his conviction. During the time between the imposition of sentence and the final determination of the appeal, petitioner remained in the county jail. Texas had a statute which made it permissive for the trial court to give the defendant credit for time served while his case was being appealed. The trial court elected not to give the defendant credit. The United States District Court held the defendant was entitled to the credit. The Court of Appeals affirmed relying on Pearce:

"It is clear that under the Texas procedure, only those who appeal their convictions run the risk of longer imprisonment . . . That statutory scheme tends to impede open and e₄ual access

to appellate review since it may deter a defendant from appealing because of a fear that the sentencing judge will not give him credit for the time he has spent in jail pending appeal."

Hart v. Henderson, 449 F.2d 183 (5th Circuit), a case out of Louisiana, reaffirmed Robinson.

▮ These cases require us to give the relator herein credit for time served while his case is being appealed.

In addition, the following reasons are suggested why a defendant should be given credit for time served pending appeal:

(1) Considering the long delays in perfecting an appeal, in lodging the record in this court, in setting the case for argument, in deciding the case and the application for rehearing, one could spend more time in jail waiting a final determination of his appeal than the length of the actual sentence. Delays on appeal have ranged to over two years in this court.

(2) Article I, Section 12 of the Louisiana Constitution and Article 314 of the Code of Criminal Procedure require that when the sentence imposed is five years or longer, a convicted accused cannot be released on bond while his appeal is pending. Thus, it is inherently unfair to penalize an individual by not giving him credit for time served while his appeal is being processed, a procedure over which he has no control.

(3) Society has extracted its "debt" when a certain sentence has been imposed and when the defendant has served that amount of time in prison.

(4) The poor who could not afford to make bond pending an appeal would be imprisoned longer than those who could afford to make bond.

(5) It discourages a defendant's statutory right to appeal if he is not allowed credit for time served pending an appeal.

The State relies on the case of State v. Kreller, 255 La. 982, 233 So.2d 906. In that case, a bill of exceptions was reserved when the trial judge refused to allow the defendant to begin serving his sentence in the penitentiary. We said:

"The permission sought by the defendant to begin serving his sentence pending appeal is a matter entirely within the discretion of the trial judge. Here he exercised a judgment not to grant the defendant's request. Cf. Article 913, LSA–C.Cr.P. We find no error." 255 La. at 1004, 233 So.2d at 914.

The State apparently contends that a convicted accused can ask the trial judge to allow him to go to the penitentiary while his appeal is pending and there is no error when the trial judge denies the request; thus, since the relator in the case before us did not ask so that he could be refused, he is not entitled to credit for time served pending appeal.

■ We do not find that State's position well taken. An appeal suspends the execution of sentence. C.Cr.P. art. 913. No judge has the power to order a person appealing his conviction to be transferred to the penitentiary because his appeal suspends the execution of the sentence. Since the defendant does not have a right to be transferred to the penitentiary, he has no obligation to ask for such a transfer.

For the reasons assigned, it is ordered that Clarence Williams, relator herein, be given credit on his sentence for the time served in prison between the date his sentence was imposed and the date of the final disposition of the case by this court on appeal.

BARHAM, J., concurs with written reasons.

SANDERS, J., dissents and will assign written reasons.

BARHAM, Justice (concurring).

I concur in the result. I would reach that result, however, under a determination that the constitutional requirement for due process was violated in the instant case.

To vest in a trial court the discretion to allow or to refuse to allow credit for the time spent in jail after sentence and pending appeal places upon the exercise of the right of appeal, if not a "freezing" effect,

at least a "chilling" effect. It is only a defendant unable to obtain release from jail on bail pending appeal who is adversely affected by the ruling we review. Such a defendant may choose not to appeal simply because of the extra length of time he must remain incarcerated when his time in jail pending appeal is not credited against his sentence. This discretion vested in the trial court to actually change the already imposed sentence is subject to serious abuse as a method of discouraging appeals. It is a denial of due process and equal protection thus to discourage anyone from availing himself of the right of appeal allowed by law.

SANDERS, Justice (dissenting in part).

The unique feature of the majority opinion is that it holds Article 913(B) of the Louisiana Code of Criminal Procedure unconstitutional without specifically saying so.

Article 913(B) provides:

"An appeal by the defendant suspends the execution of sentence. If the defendant is not or cannot be admitted to bail, the trial court *may*, in conformity with Article 881, amend the sentence to grant credit for all or a part of the time served pending the appeal." (Emphasis mine).

This article vests in the trial judge the discretion to grant credit on a sentence for

all or part of the time served pending an appeal. It represents sound policy, because numerous factors may cause appellate delays. Not the least of the causes of appellate delay is the failure of the defense to promptly prepare and submit the bills of exceptions. In exercising his discretion, the trial judge can take into account all circumstances. I see no constitutional infirmity in the article.

In holding the article unconstitutional, the majority relies upon North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed.2d 656; Robinson v. Beto, 426 F.2d 797 (5th Cir. 1970); and Hart v. Henderson, 449 F.2d 183 (5th Cir. 1971).

North Carolina v. Pearce is easily distinguished. In that case, the United States Supreme Court dealt only with the resentencing of a defendant after his former conviction and sentence had been vacated and a new trial had. It stands for the constitutional principle that, upon resentencing for the same offense, the judge may not impose a more severe sentence than that originally imposed, absent adequate reasons, and must give credit for the time already served on the original sentence. The thrust of the decision is against penalizing a defendant for having successfully pursued a statutory right to have his partially served but invalid sentence vacated. See State v. Crockrell, 470 S.W.2d 507 (Mo. 1971).

Robinson v. Beto and Hart v. Henderson are decisions of the United States Court of Appeal. These decisions, of course, are not binding on this court. In both cases, the defendants received the maximum sentence for the crimes of which they were convicted. The Court of Appeal required that the jail time pending appeal be credited, relying upon North Carolina v. Pearce. These cases may be distinguished on the ground that maximum sentences were involved. If this distinction lacks validity, however, the cases represent an unwarranted extension of the Pearce holding.

In this case, there is but one conviction and sentence. Under Louisiana law, because of the length of the present sentence, no defendant, rich or poor, is eligible for bail pending appeal. If it is constitutional for the trial judge to have discretion to credit jail time awaiting trial, as the majority correctly holds, I can perceive of no valid constitutional theory on which unconstitutionality attaches to the same discretion pending appeal.

In my opinion, Article 913(B) of the Louisiana Code of Criminal Procedure is constitutional. The majority has erred in holding it invalid. See State v. Crockrell, supra; United States v. Cortese, 244 F.2d 872 (2nd Cir. 1957); Duke v. Blackwell, 429 F.2d 531 (5th Cir. 1970).

For the reasons assigned, I respectfully dissent.