Percy E. WILSON, Petitioner-Appellant,

v.

J. D. HENDERSON, Warden, United States Penitentiary, Atlanta, Georgia, Respondent-Appellee.

No. 72-2561

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 18, 1972.

Percy E. Wilson, pro se.

John W. Stokes, Jr., U. S. Atty., P. Bruce Kirwan, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Wilson appeals from the denial of his petition for a writ of mandamus. He claims that an error had been made in the computation of time which he must serve as a result of two convictions. He is currently serving a fifteen year, one hundred fifty-five day sentence.

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

On the basis of the district court's opinion, appended hereto, the judgment is affirmed.

## APPENDIX

In the
United States District Court for the
Northern District of Georgia
Atlanta Division
Civil Action No. 16371
Percy E. Wilson,
Petitioner,
versus
J. D. Henderson, Warden,
United States Penitentiary, Atlanta,
Georgia,
Respondent.

### ORDER OF COURT

Petitioner in the above named case appeared in this court and was permitted to file a complaint in forma pauperis concerning the computation of his jail sentence. A show cause order was issued and a response and traverse thereto have been filed in this court.

The undisputed facts contained in the complaint, response, and traverse indicate that petitioner was taken into federal custody on September 6, 1962. Two hundred and four (204) days later (time period number 1) on March 29, 1963 he was sentenced to nine (9) years and consecutively one (1) to three (3) years in the United States District Court for the District of Columbia. On April 8, 1963 an appeal was noted from this conviction and on April 12, 1963 petitioner executed an election not to serve pending appeal.

On September 17, 1963 petitioner was transferred to New York from the District of Columbia, still in the custody of federal authorities. On September 30, 1963 petitioner rescinded his election not to serve applicable to his District of Columbia conviction. It should be noted that the recission is one hundred and seventy (170) days (time period number 2) after the execution of the election not to serve, and that petitioner was removed from the district and circuit in which he was convicted to the District of New York while his election not to serve was pending.

On February 18, 1964 in the United States District Court for the District of New York, petitioner was sentenced to five (5) years on each of three counts to run consecutively with each other, for a total of fifteen (15) years, which sentence was made to run concurrently with the sentence petitioner was currently serving (the ten (10) to twelve (12) year sentence imposed in the District of Columbia). It should be noted here that the New York sentence commenced three hundred and twenty-five (325) days after the District of Columbia sentence was imposed. The three hundred and twenty-five (325) days separate into one hundred and seventy (170) days (time period number 2) dead time due to the election not to serve and one hundred and fifty-five (155) days (time period number 3) actually served on the District of Columbia sentence prior to the commencement of the New York sentence.

Petitioner complains of three separate blocks of jail time (parenthetically identified as time periods one through three above), each in differing amounts and covering a different period of time. In an attempt to limit confusion each time period and the complaint and response thereto will be discussed separately, as follows:

1. Chronologically the first time period for which petitioner contends he was denied credit is two hundred and four (204) days of presentence time. The sentence data record indicates that credit has been given for these two hundred and four (204) days and petitioner, in his traverse, admits that computation is correct with respect to that time. The complaint is dismissed as to time period number one.

2. Petitioner's next complaint concerns time period number two, the one hundred and seventy (170) days during which his election not to serve pending appeal of the District of Columbia conviction was in effect, April 12,

1963 through September 30, 1963. While the present Federal Rule of Criminal Procedure 38(a)(2) provides for the giving of credit for post-sentence jail time the amendment was made to be effective on July 1, 1966 in all cases then or thereafter pending. Petitioner's case was not then pending and the amendment has no retroactive effect. See, Lawrenson v. Blackwell, 443 F.2d 365 (5th Cir., 1971). The fact that petitioner was removed from the District of Columbia to the District of New York while the election not to serve was in effect also does not entitle him to credit. See Tandler v. Blackwell, 412 F.2d 780 (5th Cir., 1969); Shelton v. United States, 234 F.2d 132 (5th Cir., 1956). The complaint is dismissed as to time period number two.

■ 3. Petitioner's third complaint, that one hundred and fifty five (155) days, time period number three, have been added to his fifteen (15) year sentence, must also be dismissed. As shown in the recitation of facts above, the one hundred and fifty five (155) days represents the time served on the District of Columbia sentence before the fifteen (15) year New York sentence was pronounced. A sentence cannot commence prior to the date it is pronounced even if it is to be concurrent to a sentence already being served. The one hundred and fifty five (155) days represents that portion of the District of Columbia sentence served prior to the commencement of the concurrent, but longer, fifteen (15) year New York sentence.

In summary petitioner is serving in the aggregate a fifteen (15) year, one hundred and fifty five (155) day sentence commencing on March 29, 1963 with two hundred and four (204) days presentence credit and without one hundred and seventy (170) days credit for inoperative time under an election not to serve. As shown on the sentence computation record, petitioner's full term expires July 28, 1978. With statutory and extra good time the sentence expires June 28, 1973. Petitioner has not

shown, nor does it otherwise appear, that there has been an abuse of discretion or that the sentence has been improperly computed. The petition is ordered and is hereby dismissed.

This the 5th day of June, 1972.

/s/ FRANK A. HOOPER
FRANK A. HOOPER
Senior District Judge