**1162**

**Sanford CHERRY, P.M.B. 70203**

v.

**James M. GOSLIN, Jr., Sheriff of Caddo Parish, et al.**

**Civ. A. No. 18469.**

United States District Court,
W. D. Louisiana,
Shreveport Division.

Nov. 16, 1972.

Sanford Cherry, in pro. per.

John Richardson, Dist. Atty., First Judicial District, Shreveport, La., for defendants.

## MEMORANDUM ORDER

DAWKINS, Chief Judge.

Sanford Cherry has filed in this Court a petition stating that the cause of action therein set forth arises under the Civil Rights Act, 42 U.S.C. § 1983, which is allowed to be filed and prosecuted *in forma pauperis.*

Cherry alleges that defendants are being sued jointly for "jail time" he served from about January 12, 1970, to May 16, 1970, and when plaintiff was denied bond and denied credit for the service of such time. The attachment to his petition shows that he was last sentenced on May 15, 1970, by the First Judicial District Court, Caddo Parish, Louisiana, to Five (5) years, CS ("consecutive sentence" to the 5 years) W/Balance.

We are aware that a Civil Rights petition should be entertained and construed liberally whenever proper. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652. However, we construe applicant's petition as an action for redress of any wrong he sustained from the sentence he received in the First Judicial District Court as to which he alleges he was not given credit for jail time. This is actionable under 28 U.S.C. § 2254, and in a collateral attack, he "may move *the court which imposed the sentence* to vacate, set aside or correct the sentence," (emphasis ours)—meaning the State Court, not this one. United States of America v. Williamson, 5th Cir., 469 F.2d 88 (1972).

Whether or not petitioner may receive credit for time served depends upon application of Article 880 of the Louisiana Code of Criminal Procedure as amended by Act 285 § 1, 1970, which became effective at twelve o'clock, noon, on the twentieth day after the Legislature adjourned. However, this amendment has been held not to be retroactive (State v. Williams, 262 La. 769, 264 So. 2d 638 (1972)), the reason being that the issue is not of constitutional proportion and was previously left entirely to the discretion of the trial judge. Gremillion v. Henderson, 425 F.2d 1293 (5th Cir. 1970).

Applicant makes no showing that he has exhausted his remedies through the State sentencing court or the Louisiana Supreme Court. McKinney v. Jones, 5th Cir., 463 F.2d 776 (1972).

Accordingly, applicant's petition is dismissed without prejudice.