292 So.2d 496 (1974)
STATE of Louisiana ex rel. Lawrence MATTHEWS
v.
C. Murray HENDERSON, Warden, Louisiana State Penitentiary.
No. 53953.
Supreme Court of Louisiana.
March 25, 1974.
Rehearing Denied April 26, 1974.
*497 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for defendants-respondents.
Robert F. Fleming, Jr., Orleans Indigent Defender Program, New Orleans, for plaintiff-relator.
DIXON, Justice.
On April 25, 1972 the defendant, Lawrence Matthews, was tried and convicted of armed robbery. R.S. 14:64. On July 28, 1972 relator was sentenced as a multiple *498 offender (R.S. 15:529.1) to fifty years at Angola, and separate appeals were taken by his attorney. Pending appeal defendant was sent to Angola due to the crowded conditions at Orleans Parish Prison.
Petitioner filed a writ of habeas corpus contending that his custody by the warden of Angola penitentiary was illegal. On February 21, 1973 the trial judge denied this application, relying on this court's disposal of a similar writ in State ex rel. Asher v. Henderson, 273 So.2d 40 (La. 1973). In Asher we declined to exercise our supervisory jurisdiction due to the inadequate facilities at Orleans Parish Prison. A writ denial does not make law nor does it constitute precedent. State v. Theard, 212 La. 1022, 34 So.2d 248 (1948). In the instant case a second habeas corpus application that was largely repetitive was denied on April 26, 1973.
Defendant complains that an appeal suspends the execution of sentence. Article 913(B) C.Cr.P.; State v. Williams, 262 La. 769, 264 So.2d 638 (1972). We reaffirm our previous holding to the effect that no judge has the authority to order a person transferred to the penitentiary pending appeal. Id. at 641. Several months following our decision in State v. Williams, supra, the United States District Court held that confinement in Orleans Parish Prison constituted cruel and unusual punishment and ordered that the prison population be reduced to a maximum of four hundred fifty inmates. Hamilton v. Landrieu, 351 F.Supp. 549, 551 (E.D.La. 1972). In the order for the transfer the trial judge said that the crowded condition of the parish prison constitutes a security risk. In light of these special circumstances we find that the action of the trial judge was warranted. Cf. R.S. 15:706.
The contention that relator should have been committed to the Louisiana Department of Corrections instead of the Louisiana State Penitentiary at Angola, under the provisions of R.S. 15:824, is also lacking in merit. R.S. 15:824 provides in part:
"Notwithstanding any provision of law to the contrary, any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Corrections and not to any particular institution within the jurisdiction of the department.. . ."
On the date in question Matthews was not entitled to bail under C.Cr.P. 314. He was not being confined to begin serving his fifty year sentence, but was simply transferred for safekeeping pending appeal.
The penalty for violation of R.S. 14:64 is imprisonment at hard labor for a specified period of time. Defendant was sentenced to fifty years at hard labor. The order complained of transferred him to Louisiana State Penitentiary. An order of commitment, however, is entirely different. R.S. 15:824 refers to the commitment of felons after final conviction and does not affect the sentence (State v. Navarre, 289 So.2d 101 (La. 1974)), and is not applicable to this transfer of custody.
Defendant argues that he was improperly denied a hearing on his application for change of venue. On December 6, 1971 Matthews wrote a letter to the trial judge requesting a change of venue. Pretermitting the question of whether this letter fulfills the requirements of an "application," we find that the writ of habeas corpus is not the proper vehicle for raising this issue. Article 362 C.Cr.P. delimits the scope of inquiry in habeas corpus cases. In addition, C.Cr.P. 363 provides:
"The writ of habeas corpus shall not be granted to a convicted person for a cause under Article 362, if he may appeal, or has done so and the appeal is pending."
Relator contends that he was represented by incompetent counsel who *499 was not available for consultation or assistance in preparation for motions for change of venue. The record does not support this conclusion. Defense counsel made objections throughout the trial and represented the defendant zealously. He perfected ten bills of exceptions. We cannot question the trial tactic of defense counsel in failing to move for a change of venue.
For the reasons assigned, the judgment of the trial court is affirmed.
BARHAM, J., dissents with written reasons.
TATE, J., dissents for reasons assigned by BARHAM, J.
BARHAM, Justice (dissenting).
Code of Criminal Procedure Article 913(B) suspends the execution of a sentence imposed upon conviction in a criminal prosecution during the pendency of a criminal appeal. Our statutory law provides for delivery of convicted persons to the place of commitment within fifteen days of the date upon which a sentence to imprisonment at hard labor shall have become final. See R.S. 15:566.
I am of the opinion that the only authority for the transfer of prisoners from a parish jail, where they are properly incarcerated,[*] to another place of imprisonment is found in R.S. 15:706. That statute provides, in pertinent part:
"Whenever any judge or justice of the peace, exercising jurisdiction in any parish, decides that the jail of the parish is unsafe or unfit for the security of prisoners, he shall issue a writ to the sheriff or other officer of the parish commanding him to convey any prisoner in his custody to the nearest jail in any adjoining parish where the prisoner shall remain until the jail is repaired, until trial, or until discharged by due course of law."
The transfer of relator, though effected for sufficient reason, does not conform with R.S. 15:706. It is my belief that the only legal transfer of relator would have been to a jail in an adjoining parish.
For the above reasons, I respectfully dissent from the majority opinion.
NOTES
[*] Parish jails are usually inhabited by different classes of prisoners: (1) those awaiting trial who are not admitted to bail; (2) those serving sentences which are not at hard labor; and (3) those convicted of a crime and sentenced to imprisonment at hard labor but whose sentences are suspended by pendency of an appeal and who are not eligible for bail pending appeal.