306 So.2d 701 (1975)
STATE of Louisiana
v.
Harley Preston MORGAN.
No. 55296.
Supreme Court of Louisiana.
January 20, 1975.
Mack J. Marsh, Davenport, Files & Kelly, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
This is an appeal from a conviction for simple escape, a violation of La.R.S. *702 14:110, for which the defendant received a sentence of three years at hard labor, said sentence not to run concurrently with any other sentence. The defendant relies upon three bills of exceptions for a reversal of the conviction and sentence.
The three bills of exceptions all deal with the same legal issue, disposition of which will control the outcome of the defendant's appeal. The issue for our determination is whether this defendant, who committed simple escape while an appeal was pending from his conviction and sentence for a felony, is properly sentenced under the penalty provisions of the escape statute applicable to one who has "been sentenced to the Department of Corrections."
The pertinent portions of the escape statute, La.R.S. 14:110, which we must consider in the disposition of this defendant's appeal are as follows:
"Simple escape is:
"(1) The intentional departure of a person, while imprisoned, whether before or after sentence, under circumstances wherein human life is not endangered, from lawful custody of any officer of the Department of Corrections or any law enforcement officer or from any place where he is lawfully detained by any law enforcement officer;
"* * *
"(3) * * *
"Whoever having been sentenced to the Department of Corrections commits the crime of simple escape, shall be imprisoned at hard labor for not less than two years and not more than five years; provided that such sentence shall not run concurrently with any other sentence;
"* * *
"Whoever not having been sentenced to the Department of Corrections commits the crime of simple escape, shall be imprisoned for not more than one year and any such sentence shall not run concurrently with any other sentence."
Defendant argues that since La.C.Cr.P. art. 913 provides that an appeal by the defendant suspends the execution of the sentence imposed upon conviction, a pending appeal removes a convicted and sentenced felon from that class of persons who have been sentenced to the Department of Corrections. The State counters that the sole effect of an appeal on an imposed sentence is to suspend its execution pending the outcome of the appeal, as provided by Article 913.
The word "execution" as it relates to criminal sentences, is defined as "the process of performing a judgment or sentence of a court." The Random House dictionary of the English Language 498 (J. Stein ed. 1967). It is clear, therefore, that the effect of La.C.Cr.P. art. 913 is merely to defer or postpone the performance of a previously imposed sentence. Defendant has not cited any provision in the body of our criminal law which would warrant an expansion of the effect of an appeal beyond suspension of the performance of the sentence; nor are we aware of the existence of any such provision. We hold, therefore, that an extension of the effect of an appeal beyond the limits set forth in La.C.Cr.P. art. 913 is not warranted. We note that our law requires that a defendant who "* * * is not or cannot be admitted to bail * * *" pending the outcome of his appeal be given credit for time served pending appeal. State v. Williams, 262 La. 769, 264 So.2d 638 (1972). We believe this lends additional support to our conclusion that the appeal does not in any material way alter the existence or nature of the sentence, only the execution.
For the reasons set forth above, we affirm the defendant's conviction. We likewise affirm his sentence pursuant to the penal clause of La.R.S. 14:110 setting forth the applicable penalty for simple escape by one who has been sentenced to the Department of Corrections.