SANDERS, Chief Justice.
The State charged the defendant, Reuben Collins, with simple escape in violation of LSA-R.S. 14:110(A), in that on or about February 15, 1973, he unlawfully and intentionally departed from the legal custody of the Sheriff of Ouachita Parish and from the Ouachita Parish Jail, where he was lawfully detained after having been sentenced to a term of nine years imprisonment in the custody of the Louisiana Department of Corrections.
The defendant elected to be tried without a jury. Following the close of the State’s case, he moved for a directed verdict of' acquittal, which was denied. The judge found him guilty and sentenced him to five years imprisonment.
Defendant assigns as error the ruling of the trial judge denying his motion for a di *210 rected verdict based on the alleged failure of the State to prove that the defendant had been sentenced to the Department of Corrections.
The defendant was originally charged with the crime of simple burglary. On December 4, 1972, he was convicted and sentenced to nine years imprisonment with the Department of Corrections. On September 24, 1973, we reversed his conviction and sentence in State v. Collins, La., 283 So.2d 744 (1973). Trie wording of our decree was:
“. . . the conviction and sentence are annulled and set aside, and the case is remanded for a new trial.”
On February 15, 1973, while his appeal was pending but prior to our decision, the defendant escaped from the Ouachita Parish Jail.
The issue we must resolve is the effect of our later reversal of the burglary conviction and sentence on the crime of simple escape. We hold that it is of no consequence.
The simple escape statute, LSA-R.S. 14:110, provides in pertinent part:
“A. Simple escape is:
“(1) The intentional departure of a person, while imprisoned, whether before or after sentence, under circumstances wherein human life is not endangered, from lawful custody of any officer of the Department of Corrections or any law enforcement officer or from any place where he is lawfully detained by any law enforcement officer ;
“ * * *
“Whoever having been sentenced to the Department of Corrections commits the crime of simple escape, shall be imprisoned at hard labor for not less than two years and not more than five years; provided that such sentence shall not run concurrently with any other sentence, provided, however, that . . . .”
We construed the statute in State v. Morgan, La., 306 So.2d 701 (1975), when we were faced with the question of whether a defendant, who escaped while his appeal was pending, was properly sentenced under the penalty provision of the escape statute applicable to one who “has been sentenced to the Department of Corrections.” The defendant urged that since under Article 913 of the Louisiana Code of Criminal Procedure an appeal “suspends the execution of sentence,” he could not be classified as one sentenced to the Department of Corrections. We rejected that argument, stating:
“The word 'execution’ as it relates to criminal sentences, is defined as ‘the process of performing a judgment or sentence of a court.’ The Random House Dictionary of the English Language 498 (J. Stein ed. 1967). It is clear, therefore, that the effect of La.C. Cr.P. art. 913 is merely to defer or postpone the performance of a previously imposed sentence. Defendant has not cited any provision in the body of our criminal law which would warrant an expansion of the effect of an appeal beyond suspension of the performance of the sentence; nor are we aware of the existence of any such provision. We hold, therefore, that an extension of the effect of an appeal beyond the limits set forth in La.C.Cr.P. art. 913 is not warranted. We note that our law requires that a defendant who ‘ * * * is not or cannot be admitted to bail * * * ’ pending the outcome of his appeal be given credit for time served pending appeal. State v. Williams, 262 La. 769, 264 So.2d 638 (1972). We believe this lends additional support to our conclusion that the appeal does not in any material way alter the existence or nature of the sentence, only the execution.”
Although State v. Morgan, supra, is distinguishable since the conviction there was ultimately affirmed, the rationale is applicable to the present case. It is the factual *211 existence of the sentence that is decisive. With the imposition of sentence, the incentive for escape is increased. In taking the risk of escape into account, the statute increases the penalty.
In the present case, the defendant escaped at a time when he was lawfully incarcerated under a court sentence. It is true that, because of our reversal of the conviction, the sentence was annulled and set aside, but this decree did not alter the factual circumstances existing at the time of the escape.
For the reasons assigned, the conviction and sentence are affirmed.