WATSON, Justice.
At issue is the validity of an ex parte order entered by the Orleans Criminal Court to C. Paul Phelps, Secretary of the Louisiana Department of Corrections, requiring the Department to accept custody of Norris Vessel. Vessel was tried in the Orleans Criminal Court and sentenced to life imprisonment in the custody of the Louisiana Department of Corrections. His case is presently on appeal to this court.
The application for writs briefly states the situation[1] as follows:
*1334 “8.
“While housed at Orleans Parish Prison, during the pendency of his appeal, Norris Vessel filed a ‘writ of mandamus and court order’ wherein he alleged that he wished to be removed from the custody of Sheriff Charles Foti at Orleans Parish Prison and be transferred to the custody of the Louisiana Department of Corrections notwithstanding the status of his appeal.
“9.
“On August 12, 1980, this Court [Orleans Criminal District Court] issued an ex parte order directing Charles C. Foti, Jr., Criminal Sheriff for the Parish of Orleans, to transport Norris Vessel to the Louisiana Department of Corrections and further ordered C. Paul Phelps, Secretary of the Louisiana Department of Corrections, to accept and retain the custody of Norris Vessel in the Louisiana Department of Corrections.
“10.
“The Louisiana Department of Corrections refused to accept custody of Norris Vessel because: (1) the department documentation required by La.R.S. 15:566(C) and Article 892 of the Louisiana Code of Criminal Procedure had not been prepared and delivered with the prisoner, Norris Vessel; (2) the order was contrary to Code of Criminal Procedure Article 913 and the holding of the Louisiana Supreme Court in State v. Williams, 262 La. 769, 264 So.2d 638 (1972), and subsequent cases; (3) and because the Relator was not a party to the proceedings.”
The application of the Department through Phelps now represents that a contempt of court charge was filed[2] against Phelps for refusal to accept custody of Norris Vessel, and contends that the ex parte order of August 12, 1980, is unlawful. Writs were granted and proceedings were stayed; Vessel was ordered to appear through counsel.
As factual background, it should be noted that shortly following Vessel’s sentence on June 9,1980, Vessel filed a “writ of mandamus” in this court (Louisiana Supreme Court No. 80-K-1382) asking that he be ordered removed from Orleans Parish Prison to the Department of Corrections because his life was in danger and because he did not have access to law books needed for appeal of his conviction. Apparently, on June 24, 1980, the judge of the trial court issued an order granting Vessel’s request and ordering Orleans Parish Criminal Sheriff, Charles C. Foti, Jr., to transport Vessel to the Department of Corrections. The judgment did not order the Department of Corrections or its officers to take any action. The application by Vessel to this court was dismissed as moot.
On August 12,1980, the judge of the trial court issued another judgment, apparently on his own motion, amending the order of June 24 by adding a paragraph ordering Phelps as Secretary of the Department to accept and retain custody of Vessel. It is conceded that this order was issued without notice to Phelps or the Department. On August 15, 1980, Vessel and a copy of the amended order were delivered to Hunt Correctional Center, a unit of the Department of Corrections, where his acceptance was refused.
The relator is correct in his contention that under C.Cr.P. art. 913 and State v. Williams, 262 La. 769, 264 So.2d 638 (1972) the execution of sentence is suspended during appeal and the trial court has no authority to order a person, whose appeal is pending, to the state penitentiary.
The vitality of Williams was thrown into question by State ex rel. Matthews v. Henderson, 292 So.2d 496 (1974) where this court, while ostensibly reaffirming Williams (292 So.2d 498), actually reversed the basic holding of Williams by approving a trial court order transferring the defendant to the penitentiary while his case was on appeal.
*1335 Since Matthews, the Legislature has reworded and reenacted the statutory provision, LSA-R.S. 15:706 A, now to read:
“A. Whenever the jail of a parish is unsafe or unfit for the security of prisoners; or is held by judicial decree unfit for the detention of some or all of the inmates; or presents a security risk to a prisoner or other prisoners or to the public; the sheriff of the parish maintaining and keeping the prisoner or prisoners may apply to the district court of the parish exercising jurisdiction for an order to permit the transfer of any prisoner or prisoners to the jail or jails of any other parish and if such order is granted the sheriff may contract with the sheriff of any other parish to accept the transfer in keeping with the terms hereof. If the prisoner ordered transferred is under sentence to the Department of Corrections, the court shall cause a copy of the order of transfer to be served on the department.”
The Legislature has provided clearly for life threatening situations by authorizing transfer to another jail. See also State v. Clark, 317 So.2d 623 (1975).
Transfer is now limited, statutorily and jurisprudentially, to another parish jail. The statute contemplates application to the trial court by the Sheriff but there is no reason why the defendant cannot apply, with notice to the Sheriff responsible for his custody. In the appropriate case and after hearing, the transfer to another jail should be ordered. State v. Kidd, 377 So.2d 843 (1979).
However, there has been no evidentiary hearing to establish Vessel’s contentions and even if he proves his allegations, the trial court cannot issue an order to the Department of Corrections requiring acceptance of Vessel. The proceedings in the trial court are defective, and the order must be set aside.
The ex parte order of August 12, 1980, directing Sheriff Foti to transport Vessel to the Department of Corrections and requiring Secretary Phelps to accept him is vacated and set aside. The ease is remanded to the trial court for further proceedings consistent with this opinion.
ORDER VACATED; CASE REMANDED.
LEMMON, J., concurs and assigns reasons.

. The facts do not appear to be in dispute.

. The application relates that Phelps believes a contempt charge has been filed, but it had not been served or heard, as of the filing of the writ application.