Dear Mr. Funderburk:
On behalf of Mayor Piazza and the City Council of the City of Abbeville, you have requested the Attorney General's opinion on several questions addressing the fiscal and custodial responsibilities of the Vermilion Parish Police Jury, the Sheriff, and the City of Abbeville, respectively, for the incarceration, transportation, and care of felony pre-trial detainees. Your questions are answered individually below.
1. Assume that there is no contract between the city and theSheriff concerning the housing, in the Parish jail, of felonypre-trial detainees who have been arrested by city lawenforcement officers. Further assume that a city law enforcementofficer arrests an individual on state felony charges andpresents him to the local Parish jail, which is owned by thePolice Jury and operated by the Sheriff, where he is incarceratedas a felony pre-trial detainee. Who is responsible for paying forthe housing, feeding, clothing, healthcare, and transporting ofsaid felony pre-trial detainee?
As an initial note, the Sheriff, as keeper of the public jail of the Parish, must accept, for incarceration, all persons charged with state crimes within his Parish. La. Atty. Gen. Op. Nos. 81-413, 00-432. Thus, a contract between the city and the Sheriff is an unnecessary element in the determination of the entity responsible for the costs of caring for felony pre-trial detainees charged with a violation of a state criminal statute.See generally, La. Atty. Gen. Op. No. 94-303.
This Office has consistently opined that it is the duty of the Parish governing authority, in this case the Vermilion Parish Police Jury, to pay for the cost of food, clothing, housing, medical care, and all other expenses associated with sustaining Parish prisoners. See La. Atty. Gen. Op. Nos. 89-234, 90-17, 91-578, 92-157. This determination is supported by Louisiana law and jurisprudence. Louisiana Revised *Page 2 
Statute 33:4715 provides, in pertinent part, that the police jury of each Parish shall provide a good and sufficient jail. Pursuant to La. R.S. 15:704, the Sheriff of each Parish, as chief law enforcement officer of the Parish, is statutorily charged with the responsibility of being the keeper of the public jail of the Parish and is further charged, pursuant to La. R.S. 15:705, with the feeding and clothing of the prisoners. In Amiss v. Dumas,411 So.2d 1137, 1139 (La.App. 1st Cir. 1982), writ denied,415 So.2d 940 (La. 1982), the Court stated:
 [t]he general scheme which we gather from a reading of all of the statutes is that the City-Parish is responsible for the expenses of establishing, maintaining and operating the jail and for all the expenses of feeding, clothing, and providing medical treatment to the prisoners while the sheriff has the duty of operating the jail and seeing to it that the prisoners are properly cared for, fed and clothed. These statutes, in effect, establish that prisoners incarcerated in the parish jail, either awaiting trial or serving parish sentences, are wards of the parish and the sheriff is simply the warden ("keeper") of the parish jail.
See also, La. R.S. 15:566, 15:702, 15:703, 15:704, 15:705,33:1432, and 33:4715.
As discussed in more detail below, it is also the opinion of this office that the Parish police jury is responsible for the cost of transporting Parish prisoners. See La. R.S. 33:1432, La. Atty. Gen. Op. No. 77-779 and 01-123.
2. Assume all the facts set forth in the first question,except that upon presentation of the arrestee to the Parish jailit is discovered that the jail is at its maximum occupancy andthere is no space available for the newly arrested individual.Who has the obligation to find a cell for such a felony pre-trialdetainee?
Because the Sheriff is the keeper of the public jail of his Parish, it is his duty to accept all prisoners arrested within his Parish and charged with state crimes, whether felony or misdemeanor. La. R.S. 13:704, see also, La. Atty. Gen. Op. Nos. 81-614, 89-234, 90-17, and 00-432. A similar issue was discussed in La. Atty. Gen. Op. 81-413, wherein our Office provided:
 If, however, the Parish jail has a population limit, which has been set by a state or federal court, then that limit cannot be exceeded without court approval. In the event that incarceration of a person would cause the population limit to be exceeded there, the Sheriff must, with respect to those persons arrested and charged with state crimes, either incarcerate them in other places in or out of the parish, or make special arrangements with other officials or agencies for bonding procedures, release on recognizance, summonsing, or any other method pursuant to state law which would allow him to perform his duties within the framework of the court-ordered population limit. (Emphasis added) *Page 3 
Therefore, it is our opinion that the obligation to find a cell for a felony pre-trial detainee rests with the Sheriff. This finding is also supported by the language of La. R.S. 15:706, which provides, in pertinent part:
 [w]henever the jail of a parish is unsafe or unfit for the security of prisoners, . . . or presents a security risk to a prisoner or other prisoners or to the public, . . . the sheriff of the parish maintaining and keeping the prisoner or prisoners may transfer any prisoner or prisoners to the jail or jails of any other parish by written contract with the sheriff of the other parish.
In State ex rel. Matthews v. Henderson, 292 So.2d 496, 498
(1974), the Louisiana Supreme Court upheld the action of the trial court wherein the trial judge said that the crowded condition of the Parish jail constitutes a security risk. It can be inferred then, that under Henderson, when a Parish jail is reaches its maximum occupancy, the addition of more prisoners would present a security risk, and pursuant La. R.S. 15:706, it becomes the responsibility of the Sheriff to find another cell for a prisoner charged with a state crime.
3. Assume that a cell is found in a neighboring Parish, butthe Sheriff of the neighboring Parish is willing to accept theprisoner only if he is paid the Department of Corrections (DOC)per diem rate. Who is responsible for paying the per diem for thehousing of a felony pre-trial detainee outside of the Parish?Which per diem must be paid?
Felony pre-trial detainees arrested in Vermilion Parish, but being housed in another facility because of overcrowding in the Vermilion Parish Jail, are the financial responsibility of the Vermilion Parish Police Jury. Louisiana Revised Statute 15:706(B) provides:
 The sheriff to whom the transfer of the prisoner or prisoners is made shall receive, for the maintenance of such prisoner or prisoners, the same compensation authorized by law for the keeping and feeding of prisoners, which shall be paid by the parish transferring the prisoner or prisoners.
(Emphasis added)
This conclusion is supported by La. Atty Gen. Op. No. 77-43, wherein this office stated that "where parish prisoners are housed at another facility as a result of a limited capacity of the parish jail, the additional expense occasioned by such an arrangement should be borne by the parish police jury." However, as recognized in that opinion, and applicable herein, consideration should be given to La. Atty. Gen. Op. No. 90-427. In that opinion, this Office recognized that pursuant to La. R.S.15:566 and 15:824, when the parish jail houses state or federal prisoners, the Sheriff is compensated by the Louisiana Department of Corrections or the United States Department of Justice, respectively. Therefore, since the Parish governing authority has no right to receive the *Page 4 
compensation paid to the Sheriff for housing state and federal prisoners, the governing authority does not have any legal obligation to pay the expense of incarceration. See also Webrev. Wilson, 672 So.2d 1124, 1132 (La.App. 1 Cir. 4/4/96). As a result, the governing authority may reduce its financial contribution for the operating expenses of the jail in proportion to the percentage of federal and state prisoners in relation to the parish prisoners. See La. Atty. Gen. Op. Nos. 90-427 and 92-157.
The determination of which per diem must be paid is a more complicated issue. First, it is important to note that the phrase "shall receive", as highlighted above in La. R.S. 15:706(B), represents a mandatory duty, placing upon the Parish governing authority a mandatory obligation to pay the same compensation for the keeping and feeding of prisoners outside of the Parish that the governing authority pays the Sheriff in its own Parish. The statute charging the governing authority to compensate the Sheriff for the keeping and feeding of prisoners is La. R.S.33:1432. That statute states, in pertinent part:
 The compensation, fees, and costs allowed sheriffs, the parish of Orleans excepted, for all services in criminal matters, shall be the following:
 (1) For keeping and feeding of prisoners in jail not less than three dollars and fifty cents per diem for each prisoner. Any surplus funds remaining at the end of the fiscal year shall be returned to the parish governing authority.
La. R.S. 33:1432.
When reading these two provisions in tandem, it would seem that the Sheriff of the Parish in which the prisoner is being housed is entitled only to the same per diem that the governing authority of the Parish from which the prisoner came pays to its own Sheriff for the keeping and feeding of prisoners. However, because the governing authority of a Parish is responsible for the expenses of operating a jail, if the cost of caring for the Parish prisoners, whether in Vermilion Parish or outside of the Parish, exceeds the per diem paid by that Parish, then the governing authority of that Parish is responsible for the excess cost. Amiss, 411 So.2d 1137, 1141, see also La. Atty. Gen. Op. Nos. 77-43 and 87-493 (where parish prisoners are housed at another facility as a result of a limited capacity of the parish jail, the additional expense occasioned by such an arrangement should be borne by the parish police jury).
Louisiana Revised Statute 15:304 supports the conclusion reached herein. This statute provides, in pertinent part:
 All expenses incurred in the different parishes of the state or in the city of New Orleans by the arrest, confinement, and prosecution of persons accused or convicted of crimes, their removal to jail, the pay of witnesses specifically provided for by law, jurors and all prosecutorial expenses *Page 5 
whatever attending criminal proceedings shall be paid by the respective parishes in which the offense charged may have been committed or by the city of New Orleans, as the case may be. The expenses shall be paid by the parish treasurer or by the city of New Orleans after an account of the expenses shall be duly certified to be correct by the presiding judge and the clerk of court. (Emphasis added)
Thus, the Vermilion Parish Police Jury is responsible for paying to another Parish the same per diem that it would pay to its own Sheriff for the housing of that prisoner. Although not required to pay the DOC per diem rate, if the Parish accepting the transferred prisoner can establish that the cost of caring for that prisoner will exceed the $3.50 per diem established by La. R.S. 33:1432, the Vermilion Parish Police Jury is responsible for that excess cost. Furthermore, as discussed herein, although we conclude that the Parish governing authority is obligated to pay for the housing of its own Parish prisoners outside of the Parish when space in the Parish jail is being occupied by others, the governing authority may reduce its financial contribution for the operating expenses of the jail in proportion to the percentage of these other prisoners to the total Parish jail population.
4. Who is responsible for paying the cost of transporting afelony pre-trial detainee housed outside of the Parish back andforth as may be required by the court?
The provisions of Louisiana Revised Statute 15:706(D) govern the transportation of prisoners who are incarcerated in a Parish jail located within the state and whose presence is required in a criminal or civil court proceeding in a district court for a Parish outside of the judicial district in which the prisoner is incarcerated. According to La. R.S. 15:706(D)(2), it is the responsibility of the Sheriff of the Parish in which the court proceeding is to be held to transport the prisoner being housed outside of the Parish to and from that proceeding. However, the governing authority of the Parish in which the court proceeding is to be held is the entity statutorily charged with the obligation to reimburse the Sheriff for the expenses incurred in transporting the prisoner housed outside of the Parish. La. R.S.15:706(D)(2). Therefore, this Office is of the opinion that the governing authority of Vermilion Parish is responsible for paying the cost of transporting a felony pre-trial detainee housed outside of the Parish to and from any court proceedings. *Page 6 
We hope that this sufficiently answers your inquiry, however if we may be of further assistance please do not hesitate to contact our office.
Yours truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: _______________________ Megan K. Terrell Assistant Attorney General
CCF, Jr./MKT/tp