NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1401

STATE OF LOUISIANA

VERSUS

LOUISE B. WELCH

**********
APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C-12000
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE
**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**CONVICTION AFFIRMED; SENTENCE SET ASIDE AND REMANDED FOR RESENTENCING.**

Van Hardin Kyzar
District Attorney, 10th JDC
P. O. Box 838
Natchitoches, LA 71458-0838
(318) 357-2214
Counsel for Plaintiff-Appellee:
State of Louisiana

Kenota L. Pulliam
Attorney at Law
P. O. Box 5781
Shreveport, LA 71135-5781
(318) 226-4920
Counsel for Defendant-Appellant:
Louise B. Welch

**PICKETT, Judge.**

On November 8, 2006, the Natchitoches Parish District Attorney's Office filed a bill of information charging the defendant Louise Welch with negligent homicide, a violation of La.R.S. 14:32. On March 19, 2007, the trial court heard several motions, and gathered a venire to begin jury selection. However, the defendant pled guilty outside the presence of the prospective jurors, and the court ordered a pre-sentence investigation (PSI).

On June 29, 2007, the court heard arguments from the defendant's counsel, from the defendant personally and from two of her family members. The court then sentenced the defendant to five years at hard labor.

The defendant now appeals to this court, assigning four errors.

## FACTS

The trial court noted the following facts at the sentencing hearing:

> [The defendant] said that on the afternoon or evening of the fire, she and Chasity drove to the store where she bought a 12 pack of beer. They returned home where she consumed all 12 of the beers. She admitted that she was drunk that evening. She put Chasity to bed. She said that she does remember some friends coming over, but remembers very little because she was drunk. She and her friends drank some at her house and then left ending up at a bar in Sabine Parish before returning home. As we know in her absence the house burned and Chasity died.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is an error patent which requires the defendant's sentence be vacated and the case remanded for resentencing.

In sentencing the defendant, the judge ordered the Department of Corrections to place the defendant at the St. Gabriel Women's Correctional Facility. Designating

1

a particular place of confinement is a violation of La.R.S. 15:824(A), which provides in pertinent part, "Notwithstanding any provision of law to the contrary, any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department." The supreme court noted on appeal in *State v. Blue*, 315 So.2d 281 (La.1975), that a sentence designating the Louisiana State Penitentiary as the place of commitment was improper:

> The penalty for violation of R.S. 40:967(C) is imprisonment with or without hard labor for not more than 5 years and, in addition, may include a fine of not more than $5,000. As earlier noted the court's sentence was to serve three years, inferentially at hard labor. The sentence should not designate the Louisiana State Penitentiary. Commitment is different from sentence. R.S. 15:824 refers to the commitment of felons after final conviction and does not affect the sentence. Commitment, of course, is to be to the Department of Corrections as required by R.S. 15:824. *See State ex rel. Matthews v. Henderson*, 292 So.2d 496 (La.1974) and *State v. Navarre*, 289 So.2d 101 (La.1974). Defendant should be sentenced to serve her three years at hard labor. Her commitment will be to the custody of the Department of Corrections.
>
> We find no merit in defendant's contention that her three year sentence is cruel and unusual. The case is, however, remanded to the trial court for resentencing in accordance with law.

*Id.* at 282.

The defendant's sentence must be set aside and the case remanded for resentencing.

## DISCUSSION

In her first assignment of error, the defendant argues that trial counsel was ineffective. She contends that trial counsel advised her to plead guilty without ensuring that she understood the proceedings and all her possible defenses.

2

This argument is not reviewable on appeal, as its analysis would require information regarding attorney-client communications. Information regarding such communications does not normally appear in a trial record, and does not appear in the current record. The defendant may pursue her argument in the post-conviction process, where both parties may develop the record regarding this issue.

In her second assignment of error, the defendant argues her guilty plea was not knowingly and intelligently entered. This assignment is related to the previous one, as the defendant claims her plea was deficient because counsel failed to provide her with adequate information. This assignment cannot be adequately addressed on appeal, for the same reasons discussed in the previous assignment of error.

In her two remaining assignments, the defendant argues the trial court failed to adequately set forth its reasons for sentencing, as required by La.Code Crim.P. art. 894.1, and that the sentence is excessive. Discussion of these assignments is pretermitted by this court's conclusion that the case must be remanded for resentencing.

### CONCLUSION

The defendant's conviction is affirmed. However, her sentence is set aside and the case is remanded for resentencing. The defendant may raise her arguments alleging ineffective assistance of counsel in the post-conviction relief process.

**CONVICTION AFFIRMED; SENTENCE SET ASIDE AND REMANDED FOR RESENTENCING**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.