Albert A. Oppido, J.
This is a motion by defendant to compel the Warden of the Nassau County Jail to grant a discretionary reduction of his confinement under the amended provisions of section 250 of the Correction Law.
Defendant plead guilty to unlawful entry and possession of burglar’s tools as a misdemeanor which acts were committed on May 14, 1964. He was sentenced on the 6th day of November, 1964 to two one-year terms to be served concurrently in the Nassau County Jail. Defendant argues upon this application that the amendment.to section 250 of the Correction Law which permits the extension of the discretionary reduction of sentence from 5 to 10 days per month is arbitrary and deprives defendant of equal protection of the law unless applied retroactively.
The amendment to section 250 in eliminating certain distinctions which heretofore existed in discretionary reduction of sentence, provides “Nothing contained in any provisions of this act shall apply to a crime committed at any time before the day when this act becomes effective or to a person committing such crime. The provisions of law applicable before this act takes effect * * * shall continue to apply * * * with the same force and effect as if such provisions had not been amended”. (L. 1964, ch. 271, eff. June 1, 1964.)
Defendant, having committed the crimes prior to June 1,1964, the effective date of the amendment, is without its extended provisions. It is fully within the legislative power to now afford different treatment, provided the enactment complained of in no way diminishes the rights of the defendant at the time the crime was committed. Such enactment does not deny defendant of equal protection of the law.
We do not otherwise pass upon the conduct of defendant while incarcerated which would bear upon his qualification for any discretionary reduction. It is therefore ordered, that the application of defendant is in all respects denied.