**Charles HARRELL, Appellant,**

v.

**John W. WINGO, Warden, etc., Appellee.**

Court of Appeals of Kentucky.

Nov. 8, 1968.

———◆———

Charles Harrell, pro se.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Chief Justice.

Charles Harrell seeks release from the Kentucky State Penitentiary. He contends that under the provisions of House Bill No. 429, enacted as Chapter 137, Acts of the 1968 General Assembly, he is entitled to receive credit on his sentence for the time he spent in jail prior to conviction.

The pertinent statute, KRS 431.155, became effective June 13, 1968. He appeals from a judgment denying his petition for a writ of habeas corpus.

In his statement of appeal, petitioner says that he is now serving an eight-year sentence. It apparently commenced prior to June 13, 1968. Nothing in the record, either by allegation or proof, shows when or if petitioner served any time in jail before conviction or how long he has been serving his sentence.

KRS 431.155 provides in part:

"Any person convicted and sentenced to a state penal institution shall receive a credit on his sentence for the amount of time the person has spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence."

KRS 431.155(4) provides that "this section shall apply only to sentences imposed after June 13, 1968."

Petitioner says that subsection (4) is unconstitutional as a violation of the "equal protection" clause of Amendment XIV, United States Constitution, and discriminates against him as one sentenced before the effective date of the Act and in favor of one sentence after such date.

The rule is stated in 16 Am.Jur.2d, Constitutional Law, Section 512, page 897, as follows:

"The Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time. Frequently, changes in statutory regulations must be made so as to take effect after a given date without applying rigorously to previously established conditions."

To the same effect is Comerford v. Commonwealth of Massachusetts, 233 F.2d 294 (1st Cir. 1956), cert. denied, 352 U.S. 899, 77 S.Ct. 141, 1 L.Ed.2d 90.

In Comerford, the appellant attacked on equal protection grounds a Massachusetts statute increasing good conduct credit but applying only to time served after its effective date. The court rejected such contention in this manner:

"Thus the prisoner who had been sentenced before the critical date would in fact serve a longer imprisonment than the prisoner with a like record who had been sentenced to an identical term after the critical date. This, the plaintiff asserts, deprives him of his federal constitutional right to the equal protection of the laws.

(2) The same situation might arise when a legislature prospectively reduced the maximum penalty for a crime, for then a prisoner sentenced to the maximum penalty before the effective date of the act would serve a longer imprisonment than one sentenced to the maximum term thereafter. Yet we are not aware of any violation of the constitutional rights of either group of prisoners in that situation, nor in the one before us, provided as here that all prisoners in each group are treated alike with respect to the rate at which good conduct credits are earned after the enactment of the statute. There is nothing unconstitutional in a legislature's conferring a benefit on prisoners only prospectively."

See also People ex rel. Johnson v. Flood, 47 Misc.2d 785, 263 N.Y.S.2d 200.

The conclusion reached is that KRS 431.155 is prospective in its operation and that the effective date of the Act constitutes a rational basis for distinction between the persons falling in the "before" and "after" categories so as to preclude a claim of denial of equal protection. Cf. Morris v. Wingo, Ky., 428 S.W.2d 765.

Appellant has moved for appointment of counsel to assist in the prosecution of this appeal. The motion is overruled. See Ross v. Wingo, Ky., 433 S.W.2d 137, and cases cited therein.

Judgment affirmed.

All concur.