**Mack Lewis DREW, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 55017.

Supreme Court of Missouri, Division No. 2.

Sept. 14, 1970.

Motion for Rehearing or to Transfer to Court En Banc Denied Oct. 12, 1970.

James F. DeNeen, Joplin, for appellant.

John C. Danforth, Atty. Gen., Dale L. Rollings, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN J. KELLY, Jr., Special Judge.

This is an appeal from the denial by the Circuit Court of Jasper County, Division Number One, of Mack Lewis Drew's second motion to vacate judgment and sentence.

Criminal Rule 27.26, V.A.M.R. The motion, by stipulation of the appellant, was presented and ruled on by the sentencing court without an evidentiary hearing.

Appellant had previously presented to this Court an appeal from a prior denial of an earlier motion to vacate this same judgment and sentence on other grounds and the action of the sentencing court was therein affirmed. Drew v. State of Missouri, Mo. Sup., 436 S.W.2d 727. In this appeal the appellant presents the sole question whether he is, as a matter of right, entitled to credit for the fifty-six (56) days spent in jail prior to the entry of his plea of guilty and twelve (12) year sentence in the custody of the Department of Corrections of the State of Missouri.

The facts pertinent to this appeal are that appellant, with his employed counsel present and representing him, appeared before the sentencing court on November 4, 1965, charged with the offense of murder in the first degree. The prosecuting attorney, with leave of court, amended the information to charge the appellant with murder in the second degree and appellant entered a plea of guilty to the amended information and was sentenced to imprisonment for twelve (12) years. At the same time the sentencing court ordered that "the time spent by this defendant in jail prior to his conviction and the date on which sentence was pronounced, is NOT to be calculated as a part of the term of the sentence imposed upon him."

While the transcript of the record does not contain any specific reference to the actual number of days appellant spent in jail prior to his conviction and the imposition of sentence, respondent makes no issue in this respect and apparently concedes it; therefore, for the purposes of this appeal we will accept it as a fact that the appellant was confined in jail for a period of fifty-six (56) days awaiting disposition of his case.

Section 546.615(2), RSMo 1959, V.A.M.S., the applicable statute, provides as follows:

"When a person has been convicted of a criminal offense in this state * * *

(2) The time spent by him in prison or jail prior to his conviction and the date on which sentence is pronounced may, in the discretion of the judge pronouncing sentence, be calculated as a part of the term of the sentence imposed upon him."

██ In imposing sentence on appellant, the sentencing judge exercised the discretion afforded him by the General Assembly of the State of Missouri when he specifically ordered that the appellant was not to be credited with the time spent in jail prior to date of sentencing. State v. Thompson, Mo.Sup., 414 S.W.2d 261. This statute did not give appellant the right to credit for his jail time; it merely afforded the sentencing judge the opportunity to give credit for jail time in those cases where he, in his discretion, felt it was merited. Here, the judge pronouncing sentence clearly did not feel credit for jail time was to be calculated as a part of the term of the sentence imposed upon the appellant.

Counsel for the appellant quite candidly states in his brief that he can find no grounds or arguments upon which the appellant can base his contentions under applicable Missouri law. He does, however, call to our attention the development of the Federal law in this respect, which has made mandatory the crediting of such jail time. He cites Stapf et al. v. United States, 125 U.S.App.D.C. 100, 367 F.2d 326 (1966) and Dunn v. United States, 376 F.2d 191 (4th Cir., 1967).

The Stapf and Dunn cases are not controlling here. They held 18 U.S.Code Sec. 3568, discriminatory because it required the Attorney General of the United States to give credit for time spent in jail to defendants who were convicted of a federal offense which required the imposition of a minimum mandatory sentence but made no like provision for those convicted of a federal offense for which no minimum mandatory sentence was prescribed. By its own terms Section 3568 is inapplicable to

state judicial proceedings, for the term "offense" as used therein means any criminal offense which is in violation of any Act of Congress and is triable in any court established by Act of Congress. The Bail Reform Act of 1966, 18 U.S.C.A. sec. 3568.

■ The Missouri statutory enactment under consideration here is not subject to the same infirmities inherent in the Act of Congress held discriminatory in the Stapf and Dunn cases, supra, since no distinction is made between those defendants charged with an offense which is punishable by a minimum mandatory sentence and those charged with an offense for which no minimum mandatory sentence is prescribed. Nor, in the instant case, will the denial of the credit for the fifty-six (56) days appellant was confined in jail until imposition of sentence result in appellant being confined in execution of the sentence imposed upon him for a period in excess of the maximum permitted by law for the offense of murder in the second degree. Sec. 559.030, RSMo 1959, V.A.M.S.

We find no error in the sentencing court's denial of the appellant's motion to vacate judgment and sentence. The judgment is therefore affirmed.

All of the Judges concur.