**STATE of Missouri, Respondent,**

v.

**Lowell CROCKRELL, Appellant.**

No. 55948.

Supreme Court of Missouri,
Division No. 2.

June 14, 1971.

Motion for Rehearing or for Transfer to Court En Banc Denied Sept. 13, 1971.

John C. Danforth, Atty. Gen., Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, for respondent.

Robert C. Babione, St. Louis, for appellant.

PRITCHARD, Commissioner.

On July 10, 1970, pursuant to a verdict of a jury rendered on April 28, 1970, appellant was sentenced to two years imprisonment in the Department of Corrections for the offense of assault with intent to ravish with malice aforethought. The court allowed appellant four months of his total time spent in jail of nine months and sixteen days (from the time of his arrest on September 24, 1969).

■ Embodied in three points is appellant's complaint that the court should have allowed him credit for all time spent in jail previous to the sentence. He says that the allowance of the four months jail time will result in his discharge from the Department of Corrections on September 11, 1971, while allowance of all his jail time would have entitled him to release on March 24, 1971. His argument is first that the denial of part of his jail time is a denial of liberty without due process of law in that it effectively imposes punishment greater than that assessed by the jury. He cites State v. Carter, Mo., 443 S.W.2d 176; and North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, for that proposition. The Carter case holds merely that an accused who has served *part of an improperly imposed sentence* which was later set aside and vacated has a constitutional right to allowance of credit for the time served

on a later, properly imposed sentence, following Simpson, Warden v. Rice, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. For a similar situation see also State v. Crow, Mo., 388 S.W.2d 817, 821 [12]. In the Pearce case, the petitioner's original sentence of 12 to 15 years imprisonment was set aside several years later in post-conviction proceedings. He was retried, convicted and sentenced to an eight-year prison term, which when added to the time already spent in prison amounted to a larger total sentence than that originally imposed. The court held that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully "credited" in imposing sentence upon a new conviction for the same offense. The distinguishing fact here to the above cases is that there is but one conviction for the one offense—two years.

■ Appellant's second argument is that the denial of a part of his jail time is a cruel and unusual punishment in that it subjects him to over five months imprisonment for no constitutionally or legally supportable reason. The argument ignores the discretion which is lodged in the trial court as to the allowance or disallowance of jail time credit prior to sentence under § 546.-615(2), RSMo 1969, V.A.M.S. The actual punishment here assessed by the jury of two years imprisonment is the minimum under the statute. It cannot be cruel and unusual punishment if within the statutory limits. State v. Thomas, Mo., 438 S.W.2d 441. The statutory minimum was in fact reduced by the trial court's allowance of four months of the total jail time.

■ The third and last argument is that denial of a part of his jail time assessed a greater punishment for appellant on account of his indigence and inability to post bail until the time of his sentencing and is therefore a denial of equal protection of the laws. It is argued that such amounts

to an unequal treatment of the rich and the poor. There is no contention that the opportunity to post a bail bond was not afforded appellant. As the state suggests, under the federal system a defendant is entitled to credit for time spent in jail by *statute*, 18 U.S.C.A. § 3568. But it has never been held in the federal courts that credit for jail time is constitutionally mandated. See United States ex rel. Watson v. Commonwealth & Common Pleas Ct. of Pa. (U.S.D.C., E.D.Pa.), 260 F.Supp. 474, 475 [2, 3]. And more applicable here is Gremillion v. Henderson (C.A.5th), 425 F.2d 1293, where appellant claimed he was entitled to credit for 9 months and 13 days spent in custody prior to sentencing by the Louisiana Judicial District Court. As here, the Louisiana statute gave the sentencing court absolute discretion as to whether credit for jail time prior to sentencing should be given, and the court said, loc. cit. 1294, "Thus we find no custody in violation of the United States Constitution and therefore no claim cognizable on a federal writ of habeas corpus." The matter of whether credit for jail time shall be given applies equally to all persons who are before the court for sentencing. It is discretionary with the sentencing court, and is not connected in any way with the ability to make bond. The contention is denied. See State v. Thompson, Mo., 414 S.W.2d 261.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN, J., and HENLEY, Alt. J., concur.

FINCH, J., not sitting.