Frederick James MARTIN, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 26681.

Missouri Court of Appeals, Kansas City District.

Dec. 3, 1973.

Motion for Rehearing and/or Transfer Denied Jan. 4, 1974.

Application to Transfer Denied March 11, 1974.

**132**

---

Russell D. Jacobson, Morris, Foust, Moudy & Beckett, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PER CURIAM.

Movant was convicted of robbery in the first degree, Section 560.120 RSMo 1969, V.A.M.S., and appealed to the Missouri Supreme Court from the trial court's denial of his motion pursuant to Rule 27.26, V.A.M.R. The Supreme Court thereafter transferred the cause to this court for lack of jurisdiction. Missouri Constitution, Article V, Section 3, V.A.M.S.

At the time movant was sentenced, Section 546.615(2), RSMo 1969, V.A.M.S., provided that the crediting of pre-sentence jail time against his sentence was discretionary with the trial court. The trial court denied movant credit for pre-sentence jail time. Section 546.615, RSMo 1969, V.A.M.S., has since been amended (Laws 1971) to make the crediting of all pre-sentence and pre-transfer jail time mandatory. Movant contends, notwithstanding the fact that Section 546.615(2) RSMo 1969, V.A.M.S. (unamended) made the crediting of pre-sentence jail time discretionary, denial of such credit to him, since he was indigent and unable to afford bond, contravened the equal protection and due process clauses of the United States and Missouri Constitutions.

Careful study of movant's argument reveals that the precise attack he makes was ruled adversely to him in State v. Crockrell, 470 S.W.2d 507 (Mo.1971). Hence, no error of law appears, and an opinion in this case would have no precedential value. Rule 84.16(b).

Judgment affirmed.

All concur.