**John H. BROWN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 35394.**

Missouri Court of Appeals,
St. Louis District,
Division 2.

April 16, 1974.

Motion for Rehearing or for Transfer is Denied May 14, 1974.

Charles D. Kitchin, Public Defender, James C. Jones, Asst. Public Defender, Public Defender Bureau, St. Louis, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., James A. Roche, Jr., Asst. Circuit Atty., Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

CLEMENS, Judge.

Movant appeals from an order of the circuit court denying his petition for credit for jail time.

The state charged movant with first-degree murder and first-degree robbery with

a deadly weapon. On November 14, 1967 movant entered a plea of guilty to the robbery charge and was sentenced to twelve years' imprisonment.

The first-degree murder charge was reduced to second-degree murder and movant entered a plea of guilty. The state recommended twelve years' imprisonment to run concurrently with imprisonment on the robbery charge. Movant requested credit for jail time but the court denied this request and sentenced him to twelve years' imprisonment on the murder charge to run concurrently with the sentence imposed on the robbery charge. The court stated that the sentence imposed was lenient and jail time had been taken into consideration in the sentences imposed.

On April 10, 1969 movant wrote the trial court asking that he be credited with jail time but acknowledging that such matters were discretionary. The court replied by letter that consideration had been given to the request for jail time at the time sentence was imposed. On May 10, 1971 movant filed a motion requesting credit for jail time but this was denied.

On December 7, 1972 movant filed a petition in the circuit court to secure jail-time credit contending denial would deny him equal protection of the law. Movant's petition for jail-time credit was denied and he has appealed.

The sole issue here is whether Section 546.615, RSMo.1969, V.A.M.S. as amended effective September 28, 1971, is to be applied retroactively. It provides: "A person convicted of a felony . . . shall receive as credit toward service of the sentence imposed all time spent by him in prison or jail both awaiting trial and pending transfer to the department of corrections."

Before the 1971 amendment allowance of jail time was discretionary with the circuit court. The amendment made such allowance mandatory in felony cases. In re Turley, 496 S.W.2d 865 (Mo.App.1973).

There is no dispute here that movant was sentenced before the amendment when credit for jail time was discretionary with the circuit court. However, movant now contends the amendment of Section 546.615 should be retroactively applied to his 1967 sentences. Denial of credit for jail time under Section 546.615 before the amendment has been held not to deny a defendant constitutional right to equal protection of the law. State v. Crockrell, 470 S.W. 2d 507 [3] (Mo.1971); Gillis v. Swenson, 495 S.W.2d 658 [3] (Mo. Banc 1973).

■ Because the constitutional objections to denial of jail-time credit have been considered and denied by our courts, movant attempts to require retroactive application by calling amended Section 546.615 "remedial." Although this statute did change the concept of credit for jail time from discretionary to mandatory, movant has failed to demonstrate any legal basis for retroactive application. Generally statutes operate prospectively unless the legislative intent that they be given retroactive operation clearly appears from the language of the acts, or by necessary or unavoidable implication. State ex rel. Clay Equipment Corp. v. Jensen, 363 S.W.2d 666 (Mo. Banc 1963). No such intent appears in Section 546.615. Several other states have held that statutes requiring credit for jail time do not operate retroactively. State v. Williams, 262 La. 769, 264 So.2d 638 (1972); Housand v. Sigler, 186 Neb. 414, 183 N.W.2d 493 (1971); Harrel v. Wingo, 434 S.W.2d 49 (Ky.1968); State v. Virgil, 276 N.C. 217, 172 S.E.2d 28 (1970).

Here, the trial court exercised its discretion under the then existing statute and denied credit for jail time. The court considered movant's jail time by sentencing him to a term far short of the maximum sentence possible under the applicable statutes.

Finding no error, the judgment is affirmed.

SMITH, P. J. and GUNN, J., concur.