Marshall Lee MEEKS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 9469.

Missouri Court of Appeals, Springfield District.

May 20, 1974.

Weber Gilmore, Sikeston, for movant appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

This is a Rule 27.26, V.A.M.R., proceeding wherein Marshall Lee Meeks, serving a fifty-year prison term for second degree murder, sought credit for the time he spent in jail prior to his guilty plea and sentencing in 1969. Appellant's post-conviction motion was dismissed by the trial court, rejecting his contention that § 546.-615, as amended in 1971, is retroactive. We affirm.

■ Appellant has heretofore sought post-conviction relief. His first Rule 27.26 motion was denied by the Supreme Court in 1972 in Meeks v. State, 484 S.W.2d 167. Federal habeas corpus was denied in 1973 in Meeks v. Swenson, 356 F.2d 1174 (E.D. Mo.). Since appellant's present contention arises from the amendment of § 546.615, effective September 28, 1971, and was not a ground available when his first Rule 27.26 was initiated in 1970, we will consider it as one permitted in a successive motion under Rule 27.26(d).

In his present motion the appellant alleged that he was denied equal protection of the law by reason of the failure of the sentencing court to grant him credit for the time he spent in the Mississippi County jail prior to his conviction, judgment and sentence. According to appellant he was so incarcerated for 189 days. Further, the appellant argues, § 546.615 makes it mandatory that he be credited with his pre-conviction, judgment and sentence jailtime. In support of his position appellant cites paragraph 1 of the statute which is as follows: "A person convicted of a felony in this state shall receive as credit toward service of the sentence imposed all time spent by him in prison or jail both awaiting trial and pending transfer to the department of corrections."

■ The difficulty with appellant's ground for relief is that he was sentenced under the statute *prior* to its amendment. In 1969 the applicable portion of § 546.615 read: "The time spent by him in prison or jail prior to his conviction and the date on which sentence is pronounced *may, in the discretion of the judge* pronouncing sentence, be calculated as a part of the term of the sentence imposed upon him." (emphasis ours). Thus, whether or not such jailtime was credited against a sentence was by the Legislature left to the discretion of the sentencing judge. State v. Brown, 502 S.W.2d 295, 306 (Mo.1973); Drew v. State, 458 S.W.2d 263, 264 (Mo. 1970). And our Supreme Court has squarely ruled that § 546.615, as amended 1971, is applicable to those cases wherein the judgment has not become final prior to

September 28, 1971. State v. Whiteaker, 499 S.W.2d 412, 420 (Mo.1973). Since the judgment and sentence in appellant's case was final long before the amendment of the statute the present form of the statute is of no avail to the appellant. Johnson v. Haynes, 504 S.W.2d 308 (Mo.App.1973). And, we decline appellant's invitation to apply the statute, as amended, retroactively. We find no intent, express or implied, by the General Assembly that the mandatory provisions of the amended statute are to operate retrospectively and we judicially decline to read such an intent into the language of the statute.

■■ Appellant's arguments that a denial of credit of his pre-sentence jailtime deprives him of equal protection of the law and constitutes cruel and unusual punishment were fully answered in State v. Crockrell, 470 S.W.2d 507 (Mo.1971), at 508: "Appellant's second argument is that the denial of a part of his jail time is a cruel and unusual punishment in that it subjects him to over five months imprisonment for no constitutionally or legally supportable reason. The argument ignores the discretion which is lodged in the trial court as to the allowance or disallowance of jail time credit prior to sentence under § 546.-615(2), RSMo 1969, V.A.M.S. . . . It cannot be cruel and unusual punishment if within the statutory limits. State v. Thomas, Mo., 438 S.W.2d 441. . . . The third and last argument is that denial of a part of his jail time assessed a greater punishment for appellant on account of his indigence and inability to post bail until the time of his sentencing and is therefore a denial of equal protection of the laws. It is argued that such amounts to an unequal treatment of the rich and the poor. There is no contention that the opportunity to post a bail bond was not afforded appellant. As the state suggests, under the federal system a defendant is entitled to credit for time spent in jail by *statute,* 18 U.S.C. A. § 3568. But it has never been held in

the federal courts that credit for jail time is constitutionally mandated. See United States ex rel. Watson v. Commonwealth & Common Pleas Ct. of Pa. (U.S.D.C., E.D. Pa.), 260 F.Supp. 474, 475 [2, 3]. And more applicable here is Gremillion v. Henderson (C.A.5th), 425 F.2d 1293, where appellant claimed he was entitled to credit for 9 months and 13 days spent in custody prior to sentencing by the Louisiana Judicial District Court. As here, the Louisiana statute gave the sentencing court absolute discretion as to whether credit for jail time prior to sentencing should be given, and the court said, loc. cit. 1294, 'Thus we find no custody in violation of the United States Constitution and therefore no claim cognizable on a federal writ of habeas corpus.' The matter of whether credit for jail time shall be given applies equally to all persons who are before the court for sentencing. It is discretionary with the sentencing court, and is not connected in any way with the ability to make bond. The contention is denied. See State v. Thompson, Mo., 414 S.W.2d 261." A recent application of Crockrell is Martin v. State, 505 S.W.2d 131 (Mo.App.1974).

Here, the appellant's sentence was not the maximum authorized for second degree murder by § 559.030, RSMo 1969, and therefore the cases such as Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L. Ed.2d 586 (1970) relied upon by appellant and which hold that the imposition of the maximum sentence plus uncredited jail time run afoul of the United Stated Constitution, are not applicable.

■ Since appellant's present Rule 27.26 motion involved solely a question of law the trial court's summary dismissal of the motion was proper. State v. Stidham, 403 S.W.2d 616 (Mo.1966).

The judgment is affirmed.

HOGAN, C. J., and STONE and TITUS, JJ., concur.