**Dan W. GRAY, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 9487.

Missouri Court of Appeals, Springfield District.

May 29, 1975.

John R. Fowlkes, Caruthersville, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Mark D. Mittleman, H. David Robards, Asst. Attys. Gen., for respondent.

STONE, Judge.

For the killing of Cleatus Leo Phillips, a deputy sheriff of New Madrid County, Dan W. Gray was charged with murder in the first degree and convicted of murder in the second degree by a jury which assessed his punishment at imprisonment for a term of

sixty years [§§ 559.010, 559.020, 559.030, RSMo 1969, V.A.M.S.], for which on November 30, 1961, judgment was rendered and sentence was pronounced thereon. Since that date, the validity of this conviction and judgment and/or the legal propriety or sufficiency of trial procedures or appellate review have been attacked and considered repeatedly and have been the subject of no less than six reported judicial opinions cited marginally in chronological sequence.[1]

This is an appeal by Gray (hereinafter appellant) from the trial court's denial of his most recent motion under Rule 27.26, in which he sought credit for time in jail prior to his sentencing on November 30, 1961. Our consideration necessarily is limited to the two complaints pleaded in appellant's motion ruled by the trial court and here presented thusly in appellant's points and authorities: "(A) The Legislature, in 1971, in Senate Bill 294 amended Section 546.615 [and] made mandatory the granting of credit for presentence jail time," and "(B) The refusal to give defendant credit for presentence jail time is violative of the equal protection clause of the Fourteenth Amendment of the Constitution of the United States." Schleicher v. State, 483 S.W.2d 393, 394(2) (Mo. banc 1972); Maggard v. State, 471 S.W.2d 161, 162(1) (Mo. 1971); Fritz v. State, 449 S.W.2d 174, 177 (Mo.1970).

■ *Of (A).* Actually, the above-quoted statement (A), with which we are in complete agreement, does not reflect appellant's complaint. Rather, although recognizing in the first sentence of his argument that the 1971 amendment "does not make this statute giving credit for jail time retroactive," he immediately suggests that "the statute does not prohibit its retroactivity [sic] application" and proceeds to an earnest argument that the amended statute should be given such application. However, it is a settled rule of construction, long accepted and frequently utilized in this jurisdiction, that statutes are construed to operate prospectively unless the legislative intent that they be given retroactive or retrospective operation clearly appears from the express language of the act or by necessary or unavoidable implication [State ex rel. Clay Equipment Corp. v. Jensen, 363 S.W.2d 666, 670(7) (Mo. banc 1963), and cases there cited] or, as otherwise put, unless a different intent is evident beyond reasonable question. State ex rel. Hall v. Vaughn, 483 S.W.2d 396, 398(3) (Mo. banc 1972); State ex rel. Scott v. Dircks, 211 Mo. 568, 577, 111 S.W. 1, 3(1) (banc 1908). Section 546.615, as amended, neither reveals nor implies any intent that it should operate retroactively; and, in consonance with prior appellate determinations that the amended statute should not be accorded retroactive application, we again so hold. Meeks v. State, 512 S.W.2d 215, 217(3) (Mo.App.1974); King v. State, 510 S.W.2d 747, 748(2) (Mo.App. 1974); Brown v. State, 509 S.W.2d 472, 473(2) (Mo.App.1974).

■ *Of (B).* Whether or not denial of credit for presentence jail time in a final judgment entered prior to the effective date of amended § 546.615 is violative of defendant's constitutional right to equal protection of the law is a question which has been presented to and uniformly answered in the negative by our appellate courts in numerous reported cases. Gillis v. Swenson, 495 S.W.2d 658, 661(3) (Mo. banc 1973); State v. Crockrell, 470 S.W.2d 507(3) (Mo.1971); Neighbors v. State, 515 S.W.2d 792(1) (Mo.App.1974); Meeks v. State, supra, 512 S.W.2d at 217(5); King v. State,

1. State v. Gray, 360 S.W.2d 642 (Mo.1962); Gray v. Swenson, 271 F.Supp. 912 (W.D.Mo. 1967); State v. Gray, 432 S.W.2d 593 (Mo. 1968); Gray v. Swenson, 302 F.Supp. 1162 (W.D.Mo.1969); Gray v. Swenson, 430 F.2d 9 (8th Cir. 1970); State v. Gray, 478 S.W.2d 654 (Mo.1972). A concise review of the prior judicial proceedings appears in the last-cited opinion [478 S.W.2d at 655–657], followed by a succinct summary of the evidence upon trial. 478 S.W.2d at 657–658.

supra, 510 S.W.2d at 748–749(3); Martin v. State, 505 S.W.2d 131 (Mo.App.1973). As in Meeks, supra, we again refer the interested to the discussion and disposition of this question in State v. Crockrell, supra, and again answer the same question in the negative.

The judgment of the circuit court is affirmed.

HOGAN and TITUS, JJ., concur.

BILLINGS, C. J., and FLANIGAN, J., not participating.

