**Lee Vernon WARREN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 44419.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

Robert E. Ahrens, St. Louis, for appellant.

John Ashcroft, John M. Morris, Jefferson City, for respondent.

SNYDER, Judge.

This is an appeal from a judgment which denied a motion for expungement of arrest records pursuant to § 610.100 RSMo. 1978, repealed September 28, 1981.

Section 610.100 states,

"If any person is arrested and not charged with an offense against the law within thirty days of his arrest, all records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records to all persons except the person arrested. If there is no conviction within one year after the records are closed, all records of the arrest and of any detention or confinement incident thereto shall be expunged in any city or county having a population of five hundred thousand or more."

Appellant's only point on appeal is that it was error to apply § 610.100 prospectively only. He argues § 610.100 should be applied to arrests which occurred prior to September 28, 1973, the effective date of the statute. The judgment is affirmed.

On July 9, 1968, appellant was convicted of first degree murder and sentenced to life imprisonment. On February 5, 1981 appellant, while still serving his life sentence, filed a pro se motion to expunge his police record of arrests that did not result in convictions, pursuant to § 610.100.

Section 610.100 provided for the expungement of certain police records. The section became effective on September 28, 1973. The trial court denied the motion, ruling that § 610.100 was to be applied only to arrests occurring after the effective date. The trial court based this ruling on Opinion No. 299 of the Attorney General, (September 28, 1973).

The general rule of statutory construction states that "statutes are construed to operate prospectively unless the legislative intent that they be given retrospective or retroactive operation *clearly appears from the express language of the acts, or by necessary or unavoidable implication.*" *St. Louis County v. University City*, 491 S.W.2d 497, 499[3] (Mo. banc 1973) (emphasis in the original); *accord, State ex rel. Hall v. Vaughn*, 483 S.W.2d 396, 398[3] (Mo. banc 1972); *Brown v. State*, 509 S.W.2d 472, 473[1, 2] (Mo.App.1974).

■ No legislative intent for retroactive application appears anywhere in the statute. Because appellant had been incarcerated since 1968, his prior arrests could not have occurred after September 28, 1973. The trial court therefore properly ruled that § 610.100 should be applied only prospectively and denied the motion.

Appellant argues, though, that applying § 610.100 prospectively violates his right to equal protection under the Missouri constitution. Mo.Const. art. 1 § 2. He reasons that such a determination makes an unreasonable and unconstitutional distinction between those persons arrested before September 28, 1973 and those arrested after that date.

■ The right of equal protection does not require the state to treat everyone absolutely equally. The state may treat different classes of people differently so long as the state has a reasonable basis for the distinctions. *City of St. Louis v. Liberman*, 547 S.W.2d 452, 458[14, 15] (Mo. banc), *cert. denied* 434 U.S. 832, 98 S.Ct. 116, 54 L.Ed.2d 92 (1977); *Slater v. City of St. Louis*, 548 S.W.2d 590, 593[4, 5] (Mo.App.1977).

■ In this case applying § 610.100 prospectively only does not unreasonably distinguish between those arrested before and those arrested after the effective date. All persons arrested or charged, either before or after the effective date, are subjected to the law in effect on the date of the arrest or charge. It is reasonable for the state to apply to an accused only those statutes in effect on the date of the arrest or charge. Such a policy provides certainty for both law enforcement officials and those accused of crimes. Both parties know that the substantive and procedural effects of their actions will not be changed by a subsequent decision of the legislature. Applying § 610.100 prospectively, therefore, does not violate appellant's right to equal protection.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.