**Carl David CARROW,**
**Plaintiff–Appellant,**

v.

**STATE of Missouri,**
**Defendant–Respondent.**

**No. 53923.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 7, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Shawn R. McCarver, Flat River, for plaintiff-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

KAROHL, Presiding Judge.

Movant appeals denial of post conviction relief under Rule 27.26. Findings of fact, conclusions of law and judgment denying relief were rendered without an evidentiary hearing. He appeals claiming (1) ineffective assistance of counsel, (2) defects in the presentation of charges which rendered guilty pleas involuntary, (3) consecutive sentences on four charges were not made concurrent to a prior sentence received in another county as apparently intended by the sentencing court, and, (4) credit for jail time allowed by the sentencing court has not been properly computed.

Prior to December 13, 1982, movant was charged in seven separately numbered criminal cases pending in St. Francois County, Missouri. Prior to that date he had been convicted by a jury and sentenced to serve five years for possession of a controlled substance in case number 781–488FX in Washington County. The St. Francois County cases included burglary second degree (CR781–595FX), resisting arrest (CR781–605FX), a felony stealing (CR781–606FX), carrying a concealed weapon (CR781–611FX), possession of marijuana over 35 grams (CR781–612FX), possession of a schedule II controlled substance, Ocycodone (Count I, CR781–715FX), Possession of a schedule II controlled substance, Amphetamine (Count III, CR781–715FX), possession of Pentobarbital and Amobarbital (Counts II & IV, CR781–715FX), and possession of LSD (CR781–696FX). All of the St. Francois County cases were set for trial in December, 1982.

On December 13, 1982, after a thorough and extensive hearing, the court accepted pleas of guilty on four charges: Burglary Second Degree, Resisting Arrest, and Counts I & III, charging possession of two schedule II controlled substances. The court accepted the pleas as made "voluntarily, knowingly and intelligently and with a full understanding of the charges and the consequences of his plea and an understanding of his rights attending a jury trial, and the effect of a plea of guilty on those rights."

Movant was represented by an attorney of his own choice at the time he entered the pleas of guilty. Previously, he had the assistance of appointed counsel. He informed the court that his plea attorney had investigated the case to movant's full satisfaction, including an interview with all witnesses known to movant. He had no complaints whatsoever about his attorney's handling of the case. He was fully satisfied with the advice and counsel of his attorney.

He acknowledged that there had been no threats made to him by anyone to coerce guilty pleas. The range of punishment for each charge was reviewed and acknowledged by movant. The plea bargain agreement was openly presented to the court before movant. The court informed movant that any promise of probation (movant does not claim such promise) or for a certain sentence would not be binding on the court and *that the court might impose a maximum sentence on all charges "and run them all consecutive."* Movant acknowledged that he understood each of these points and informed the court that he entered the guilty pleas because he was, in fact, guilty and was admitting that he committed the four offenses.

On January 14, 1983, the court imposed four, two-year consecutive sentences. On the occasion of sentencing, the court mentioned the four sentences in the pending cases and also referred to the Washington County sentence and concluded that the sentences were "for a total of eight years." Certified copies of the sentences and judgments of the court entered on January 14,

1983, in the burglary case and both counts of the controlled substance case, were to be consecutive with each other, the resisting arrest charge "and with the Washington County case." The certified copy of sentence in the burglary case provides that the consecutive sentences on all of these cases was for "a total of eight years." There is an internal inconsistency. The sentencing court intended either a total of eight years or a total of thirteen years. The sentencing judge and the motion court judge were not the same.

Our review is limited to a determination of whether the findings, conclusions and judgment of the motion court were clearly erroneous. Rule 27.26(j); *Laws v. State*, 708 S.W.2d 182, 185 (Mo.App.1986). Because the court made findings and conclusions without the benefit of an evidentiary hearing we consider whether the claims of error are in response to factual pleadings, not refuted by the record, which resulted in prejudice to movant. *Baker v. State*, 680 S.W.2d 278, 280–81 (Mo.App.1984). Because all allegations of error followed guilty pleas our review is limited "to the extent that the alleged ineffectiveness of counsel bore upon the voluntariness, the knowledge and the intelligence with which the guilty plea is made." *Oerly v. State*, 658 S.W.2d 894, 896 (Mo.App.1983).

■ Movant's first point on appeal directly asserts ineffective assistance of counsel for failure to attempt to suppress evidence, to fully investigate the defense of mental disease or defect, undue pressure related to "threats" of harsher sentences, failure to pursue appeal in the Washington County case, the fact that three separate attorneys represented defendant, and, confused defendant, and, failure to prevent or clarify the ambiguity in the length of sentence. All except the last point were found by the motion court to be refuted by the record. Movant acknowledged that the attorney at the plea hearing was an attorney of his choosing; the attorney had adequately prepared the case, and, there was no undue influence of threat which had coerced the pleas. Although movant had been represented by prior counsel that fact alone did not detract from the adequacy of

chosen counsel. Finally, the ambiguity of the length of sentence was not the result of any failure of defense counsel. We will return to that issue. The motion court correctly found the remaining claims refuted by the record. Point one denied.

■ Movant's second claim of error is the guilty pleas were not knowing and voluntary because of some failure of due process, particularly, violations of movant's right to receive disclosure and right against entrapment. We find these Constitutional issues were waived by the entry of the guilty pleas. *Oerly v. State*, 658 S.W. 2d 894, 896–897 (Mo.App.1983). Further, the point on appeal varies from the grounds pleaded in movant's motion. Finally, the grounds alleged in the motion relate to issues recognized only on direct appeal. The pleading does not allege that these matters affected the voluntariness of his guilty plea.

■ The more difficult claim of error is the product of an inconsistency which occurred at the time of sentencing. The court did impose four consecutive two-year sentences on the four charges. It also mentioned the prior Washington County sentence and announced that movant would serve a total of eight years. The sentencing court did not designate the cause number or the length of sentence in the Washington County case either in the sentencing proceeding or in the formal orders which followed.

Prior to accepting movant's pleas of guilty the court asked the prosecutor and defense counsel, "...what's been the extent of any plea bargaining or court bargaining or any other kind of bargaining in these cases?" The state informed the court that movant had received a five year sentence from a Washington County jury for possession of controlled substances. It noted all of the pending charges against movant and announced that in exchange for pleas on the four charges the state would dismiss all other pending charges. Defense counsel informed the court that as part of the agreement movant would, at the time of sentencing on these charges, dismiss a pending appeal of the Washington County conviction. No other terms of the plea bargain, material to the present

appeal, were recited. Particularly, the plea bargain did not include any agreement that defendant's Washington County sentence would be made concurrent to any one or all of the sentences on the four pending charges. Movant was asked to confirm that he understood the bargain as described. He did so.

The motion court recognized the sentences on the four charges and the Washington county sentences were internally inconsistent. It concluded that it was the intent of the sentencing court to run all sentences consecutive to each other. This included the Washington County sentence. We do not find this conclusion to be clearly erroneous. First, the plea bargain did not include an agreement that the Washington County sentence would be concurrent to any or all of the sentences imposed on St. Francois County cases. Hence, consecutive sentences on five cases, totaling thirteen years, did not breach the terms of the agreement. Second, this point does not claim that the sentences, totaling thirteen years, were in excess of the maximum sentence authorized by law or otherwise subject to collateral attack. The two year sentences favored the minimum authorized sentences. The total of thirteen years depends upon five consecutive sentences. Nothing in the plea bargain agreement or in the manner in which the four pleas were offered or accepted detracts from the knowing and voluntary nature of movant's pleas of guilty on the four charges. Third, as a result of the bargain six felony charges were dismissed. Obviously, consecutive sentences totaling thirteen years for five of eleven felonies tends to support the finding of the motion court on the intent of the sentencing judge.

Movant's final point relates to a failure to properly credit jail time served on the sentences. There is no dispute that the sentencing court allowed movant jail time on each of the sentences. No evidentiary hearing was required to decide this issue. *Thomas v. State*, 605 S.W.2d 792, 796 (Mo. banc 1980). However, there is confusion in whether or not credit for jail time was a proper subject matter under former Rule 27.26. Some cases support the proposition that it is not cognizable. *See, Martin v.*

*State*, 505 S.W.2d 131, 132 (Mo.App.1973) and *Gray v. State*, 524 S.W.2d 172, 173 (Mo.App.1975). For cases supporting the proposition that it is an appropriate Rule 27.26 issue, *see, Hart v. State*, 588 S.W.2d 226, 228 (Mo.App.1979) and *Shephard v. State*, 529 S.W.2d 943, 948 (Mo.App.1975). We need not resolve the problem.

Movant was entitled to credit for all jail time served. The sentencing court so ordered. The issue involves a question of law. *Thomas v. State*, 605 S.W.2d at 796. Rule 27.26 has now been repealed. Credit for jail time for movant becomes a mathematical matter which may be settled without remand for further consideration by the motion court. In the event the authorities are unable to make the proper calculations movant may properly raise the issue in a habeas corpus proceeding. The state agrees that that would be the appropriate forum. Because the allowance is part of the sentence movant's request is not directed toward any defect in the sentencing. Accordingly, we deny this claim of error without prejudice.

We affirm.

SMITH and KELLY, JJ., concur.