**Archie Lee SCOTT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40643.**

Missouri Court of Appeals,
Western District.

Feb. 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Application to Transfer Denied
June 13, 1989.

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and SHANGLER and CLARK, JJ.

CLARK, Judge.

Archie Lee Scott filed a motion pursuant to Rule 27.26 [1] contending he was entitled to credit on sentences imposed in this case on account of time spent in custody in Boone County awaiting trial. The motion court granted an evidentiary hearing and denied relief. This appeal followed.

The relevant facts are these. In 1985, Scott was convicted in Camden County of driving while intoxicated, third offense, and he was sentenced to serve a term of three years. He was later released on parole, but on August 10, 1986, while Scott was still on parole, he was arrested and charged with a new offense of driving while intoxicated and leaving the scene of an accident in Boone County. As a result of those charges, the Board of Probation and Parole issued a detainer charging Scott with parole violation.

Scott remained in custody from August 10, 1986 until January 27, 1987, on which date he entered guilty pleas to the Boone County charges. In accordance with a plea bargain agreement, he was sentenced to concurrent five year terms to be served consecutively to the remaining term of his

---

1. Rule 27.26 was repealed effective January 1, 1988 but under Rules 24.035(*1*) and 29.15(m), if sentence was pronounced before January 1, 1988 and a motion under the prior rule was pending, Rule 27.26 governs. Scott's motion was filed November 24, 1987.

sentence from Camden County. He was given no credit on the Boone County sentence for the time spent in custody following his arrest on the August, 1986 charges.

On this appeal, Scott contends the motion court erroneously failed to order credit on his sentence for pre-trial time served of 169 days and credit for 200 days earned for work at the Boone County release center. The first question to be considered, however, is whether allowance for jail time against a sentence may be considered under a motion filed for post-conviction relief.

The state asserts that Scott's claim is not cognizable in a Rule 27.26 motion but should be raised by habeas corpus. Cited as authority on the point is *Carrow v. State*, 755 S.W.2d 328, 331 (Mo.App.1988). The state acknowledges some confusion on the subject and recognizes that other decisions do not agree. To the extent that *Carrow* may be construed as generally limiting all such claims to habeas corpus, to the exclusion of motions under Rule 27.26 (now Rule 24.035) in guilty plea cases, we decline to follow it. More accurately however, it may be said that the *Carrow* decision was correct under the facts of that case, but the general language suggesting a broad rule in jail time credit cases was not appropriate.

Despite general language in the opinion to that effect, the facts in *Carrow* do not provide a basis upon which a rule could be announced limiting all sentence credit cases involving pre-trial detention to habeas corpus. In *Carrow*, the sentencing court ordered that credit be given on Carrow's sentence for the time he had served before entering his plea and therefore Carrow's complaint was not of a defect in sentence. His claim was that the authorities had not computed his time to allow the credit the court had ordered. In that circumstance, the court correctly held the remedy to be habeas corpus if and when Carrow were detained beyond the sentence the court had announced. It is a different matter entirely where the claim asserts a failure by the sentencing court to follow the statute and grant a credit which the law mandates.

*Carrow* also cites two cases which are represented to hold that a claim of credit for jail time may not be presented in a motion under Rule 27.26. The cases are *Martin v. State*, 505 S.W.2d 131 (Mo.App. 1973), and *Gray v. State*, 524 S.W.2d 172 (Mo.App.1975). A reading of those cases does not confirm their support for the proposition *Carrow* states.

In both *Martin* and *Gray*, the defendants asserted claims based on due process and equal protection because their sentences had not been retroactively adjusted to allow jail time credit. The problem arose because Martin and Gray were both sentenced before the legislature amended the statute in 1971 to make sentence credit mandatory (Laws of Mo.1971, p. 469). Previously, the decision to allow jail time credit was discretionary with the trial judge. Martin and Gray claimed the sentences were defective unless the statute of 1971 was given retrospective effect.

The opinions in both cases dealt with the constitutional claims on the merits and relied on prior case law, notably *State v. Crockrell*, 470 S.W.2d 507 (Mo.1971), and *Gillis v. Swenson*, 495 S.W.2d 658 (Mo. banc 1973), to reject the arguments. Neither case made mention of inappropriateness in the claimants' recourse to Rule 27.26. These cases do not appear to stand for the proposition for which they are cited in *Carrow*.

██ In the present case, unlike *Carrow*, Scott contends his sentences for the Boone County offenses were defective because the court failed to allow credit on the sentences for the time Scott spent in jail from the date of his arrest to the date he entered his guilty pleas. This is not a case of mathematical computation where the inmate questions the legality of his continued incarceration but a challenge based on wrongful imposition of sentence. The cases, with the single exception of *Carrow*, have consistently held that Rule 27.26 and, after January 1, 1988, Rule 24.035, constitute the proper remedy for a prisoner in custody under a guilty plea to raise the issue which Scott presents here. *See Jones v. State*, 767 S.W.2d 90 (Mo.App.1989). We

reject the contention by the state that Scott's claim is not cognizable in this proceeding.

Turning to the merits of the motion, we find the trial court correctly rejected Scott's claim for a credit of 169 days jail time against the sentences imposed for the Boone County offenses. According to the record, Scott was in custody during this period on account of the parole violation detainer issued on charges he had violated the terms of his parole from the Camden County sentence. The record also shows Scott received credit against the remaining term of the Camden County sentence for the 169 days he was held under the detainer. This is all the credit to which he was entitled.

This same fact situation involving a defendant on parole for a prior offense who was arrested on a new charge and detained for parole violation was the case in *Viers v. State,* 755 S.W.2d 617 (Mo.App.1988). Viers claimed his sentence on the second charge was defective because he was not allowed jail time credit on that sentence. The court held the effect of Viers' contention to be a claim for double credit of jail time which is prohibited by Section 558.-031.1, RSMo 1986. Moreover, the court noted that the same section required the credit to be applied against the charge for which Viers was being held, the parole violation and the sentence under which the parole had been granted. Under *Viers,* Scott's claim was properly denied. Scott was entitled to only one credit for jail time which he has already received applied against his prior sentence from Camden County.

In a related but different complaint, Scott notes that during the time he was in the Boone County jail, he spent 800 hours doing trustee work under a sentence reduction program. In return, he says a sheriff's deputy promised him added jail time credit against whatever sentence he received. The trial court which accepted the guilty pleas to the Boone County offenses did not credit Scott's sentence with time for the trustee work. On appeal, Scott contends the motion court should have remedied the error and asserts that such credits amounted to a vested liberty interest protected by due process rights.

The problem with Scott's point is that he had no expectation of receiving the added sentence credits when he entered his guilty pleas. At the guilty plea hearing, the trial judge informed Scott that he would not give him any credit on the sentence for the work Scott did at the jail, and then gave Scott the opportunity to withdraw his pleas if they were made on the condition that credit for the trustee work would be allowed. With this admonition, Scott declined to withdraw the pleas.

A defendant is only entitled to challenge a guilty plea under the due process clause when he has not been fairly apprised of the consequences. *Mabry v. Johnson,* 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984). In this case, it is obvious Scott can claim no reliance on a promised credit for trustee work because he entered the guilty pleas knowing full well the credit would not be ordered. When he elected to proceed with the guilty pleas in this circumstance, he waived any claim he could otherwise have asserted to a sentence reduction. The point is denied.

The judgment is affirmed.

All concur.