Carl David CARROW, Appellant,

v.

STATE of Missouri, Respondent.

No. 55338.

Missouri Court of Appeals,
Eastern District,
Division One.

March 7, 1989.

M. Dwight Robbins, Fredericktown, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

**464**

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. Movant sought to vacate his conviction of possession of a controlled substance for which he was sentenced to five years' imprisonment. We affirm.

On appeal, movant argues he was entitled to an evidentiary hearing on his allegation of ineffective assistance of counsel. To enable us to discuss movant's argument, we must briefly describe the history of movant's case.

At the time of movant's conviction in Washington County, nine criminal counts against movant were pending in St. Francois County. Pursuant to a plea bargain, movant pled guilty to four of the St. Francois County charges, the other charges were dismissed and movant agreed to dismiss his appeal of the Washington County conviction.

Thereafter, movant brought a motion to vacate the St. Francois County convictions under Rule 27.26. This motion was denied and the denial was affirmed in *Carrow v. State*, 755 S.W.2d 328 (Mo.App.1988). One of the issues in that case was whether defense counsel's failure to pursue the appeal of the Washington County case was ineffective assistance of counsel. This issue was ruled adversely to movant. *Id.* at 330[1]. Subsequently movant filed this Rule 27.26 motion seeking to vacate the Washington County conviction on the same ground.

The issue before us is whether movant is precluded from relitigating the issue of whether defense counsel's action in failing to pursue the appeal in Washington County was ineffective assistance of counsel. We believe collateral estoppel is applicable in this situation.

To determine whether collateral estoppel may be applied we must inquire:
(1) whether the issue decided in the prior case was identical; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party sought to be estopped had a full and clear opportunity to litigate the issue in the prior suit. *Burton v. State*, 726 S.W.2d 497, 499[1] (Mo.App.1987).

In this case, the issue raised was identical to the issue decided in *Carrow v. State*, 755 S.W.2d at 330; the issue was decided on the merits; and movant was a party to the prior adjudication and had an opportunity to fully litigate the issue at that time. Under these circumstances, collateral estoppel precludes relitigation of the issue in the present proceedings. *See Johnson v. Raban*, 702 S.W.2d 134, 138 (Mo.App.1985).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.