Neal SNYDER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 90899.

Missouri Court of Appeals,
Eastern District,
Division One.

April 21, 2009.

Timothy J. Forneris, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Judge.

### Introduction

Neal Snyder ("Movant") appeals from the judgment of the Circuit Court of St. Charles County, after an evidentiary hearing, denying his Rule 24.035 motion for

post-conviction relief in a 2002 case. Movant argues that "irreconcilable differences" between himself and plea counsel, Michael Kielty, caused Movant to enter guilty pleas in two 2006 cases unknowingly, unintelligently, and involuntarily, which in turn forced him to confess to violating his probation from the 2002 case and caused the circuit court to revoke his probation and impose a sentence in the 2002 case. Finding no error, we affirm.

### Background

On August 2, 2002, Movant pled guilty to one count of possession of a controlled substance ("2002 case"). The plea court suspended imposition of Movant's sentence and placed him on five years probation. On July 7, 2006, Movant pled guilty in two cases to six counts of drug-related felonies and the plea court imposed concurrent sentences totaling fifteen years' imprisonment ("2006 cases"). At the July 7th plea hearing, Movant was represented by Michael Kielty. Shortly thereafter, Movant fired Mr. Kielty as his attorney.

On October 4, 2006, Movant, represented by appointed counsel, Richard Scheibe, appeared at a probation revocation hearing regarding his 2002 case. At the hearing, Movant admitted that his convictions in the 2006 cases violated the terms of probation in his 2002 case. Subsequently, the circuit court revoked Movant's probation and imposed a seven-year sentence to run concurrently with the sentences Movant was serving in the 2006 cases.

On September 15, 2006, Appellant filed a *pro se* Rule 24.035 motion for post-conviction relief, which was later amended by appointed counsel. In the motion, Movant challenged his convictions in the 2006 cases alleging, among other things, that his plea counsel, Mr. Kielty, pressured him to plead guilty in the 2006 cases because "irreconcilable differences" led to a total breakdown of communication between Mr. Kielty and Movant. After an evidentiary hearing, the motion court denied relief concluding that Movant was not credible and that he had received effective assistance of counsel. Thereafter, Movant filed an appeal to this court alleging that plea counsel was ineffective for pressuring Appellant to plead guilty because there were irreconcilable differences that lead (sic) to a total breakdown of communication between plea counsel and Appellant. On September 9, 2008, this court affirmed the judgment of the motion court. *Snyder v. State*, 262 S.W.3d 675 (Mo.App. E.D.2008).[1]

On November 3, 2006, Appellant filed a *pro se* Rule 24.035 motion, later amended, with respect to his 2002 guilty plea. In the amended motion, Movant contended, as he had in his earlier Rule 24.035 motion regarding the 2006 cases, that "irreconcilable differences" resulted in a total breakdown of communication between Mr. Kielty and Movant, and but for their "irreconcilable differences," Movant would not have pled guilty in the 2006 cases and would have insisted upon a trial. Movant further alleged that the guilty pleas in the 2006 cases forced him to confess that he violated the terms of his probation in his 2002 case. Movant added that because of Mr. Kielty's inaction in his 2006 cases, "[c]ounsel was ineffective and counsel's ineffectiveness rendered [Movant's] probation revocation sentencing compro-

---

1. While the legal file and appellate brief presented by Movant omits any record of his September 15, 2006 post-conviction relief motion and this court's subsequent affirmance of the motion court's judgment, we take judicial notice of our own records. *State v. Wynn*, 391 S.W.2d 245, 247 (Mo.1965) (" 'An appellate court takes judicial notice of its own records.' This is particularly so in the interest of justice when the prior litigation is involved in later litigation between the parties.") (quotation omitted).

mised[.]" Based on these pleadings, Movant requested post-conviction relief from the imposition of a seven-year sentence in his 2002 case, as well as relief from his guilty pleas in the 2006 cases, as he had in his September 15, 2006 Rule 24.035 motion.

After an evidentiary hearing, the motion court issued its findings of fact and conclusions of law denying relief. In its findings, the motion court determined that "Movant [made] no complaint about the circumstances or representation of counsel during his plea of guilty in [the 2002 case]" but rather, "Movant's complaints are based on Mr. Kielty's representation in [the 2006 cases] which were the basis of the probation revocation in [the 2002 case]." The motion court nevertheless addressed the merits of Movant's claim and concluded that Movant failed to meet his burden of proving that Mr. Kielty provided ineffective assistance of counsel in the 2006 cases.[2] Movant appeals.

### Standard of Review

This court determines only whether the findings of fact and conclusions of law were "clearly erroneous." Rule 24.035(k). The findings and conclusions are clearly erroneous if after a review of the entire record we are left with a firm impression that a mistake has been made. *Brooks v. State*, 242 S.W.3d 705, 708 (Mo. banc 2008).

### Discussion

In his sole point on appeal, Movant argues that "irreconcilable differences" between him and Mr. Kielty caused him to enter guilty pleas unknowingly, unintelligently, and involuntarily in his 2006 cases, which in turn forced him to confess to violating the terms of his probation imposed in his 2002 case. Because of Mr. Kielty's alleged ineffectiveness in the 2006 cases and the resulting imposition of a sentence in his 2002 case, Movant asks this court to grant relief with respect to both his 2006 cases and his 2002 case.

■ The only proper issue before this court is whether the motion court erred in finding that Movant failed to meet his burden of proving that he is entitled to post-conviction relief for his conviction and sentence resulting from his 2002 case. "Rule 24.035 allows only challenges to the validity of judgments of conviction or sentences, and then only on specified grounds." *Teter v. State*, 893 S.W.2d 405, 405 (Mo.App. W.D.1995) (quotation omitted). Here, as in the motion court, Movant does not substantively challenge the conviction or sentence from his 2002 case. Rather, Movant's arguments all invoke alleged problems with Mr. Kielty's effectiveness in the 2006 cases and the consequent impact on the probation revocation in his 2002 case. A challenge to the legality of a probation revocation based upon ineffective assistance of counsel, however, is not a cognizable claim under Rule 24.035. *Id.* at 406. The proper remedy is habeas corpus. *Id.*

■ While the foregoing is sufficient to dispose of Movant's appeal, we further find that Movant is barred by the doctrine of collateral estoppel from relitigating the issue of whether Mr. Kielty provided ineffective assistance of counsel in the 2006 cases.[3] Collateral estoppel precludes a party from relitigating an issue previously adjudicated when: (1) the issue decided in the prior case was identical; (2) the prior

---

2. The motion court did not rule on the effectiveness of counsel in the 2002 case presumably because, despite the fact that the amended motion ostensibly challenged the guilty plea in the 2002 case, Movant focused entirely on Mr. Kielty and the 2006 cases.

3. To the extent that Movant's Rule 24.035 motion seeks relief from his convictions and sentences in the 2006 cases as well as the 2002 case by challenging Mr. Kielty's effectiveness in the 2006 cases, the motion is successive to his September 15, 2006 motion

adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the prior adjudication; and (4) the party sought to be estopped had a full and clear opportunity to litigate the issue in the prior suit. *Carrow v. State,* 766 S.W.2d 463, 464 (Mo.App. E.D.1989).

■ Here, Movant previously litigated the precise issue of whether his "irreconcilable differences" with Mr. Kielty caused his guilty pleas in the 2006 cases to be unknowing and involuntary and resulted in ineffective assistance of counsel. The circuit court decided the issue on the merits and this court affirmed the circuit court. *Snyder v. State,* 262 S.W.3d 675 (Mo.App. E.D.2008). Movant was a party to the previous litigation and had a full opportunity to litigate the issue raised here in the prior proceeding. Consequently, Movant is barred from relitigating the issue of Mr. Kielty's effectiveness in the present proceeding.[4] *See Carrow,* 766 S.W.2d at 464. Point denied.

### Conclusion

The judgment of the motion court is affirmed.

KURT S. ODENWALD, P.J., and GLENN A. NORTON, J., Concur.

which previously challenged the voluntariness of his plea in the 2006 cases, and therefore we are precluded from considering those claims of relief in this appeal. Rule 24.035(*l*); *Edgington v. State,* 860 S.W.2d 389, 391 (Mo.App. W.D.1993) ("[S]ubstantive claims presented in successive motions cannot be considered in the motion court or on appeal.").

4. Although the issue of collateral estoppel was not raised below or on appeal, under certain circumstances, we may raise it, *sua sponte,* such as "when the defense arises out of the court's own earlier judgment, or when the demands of comity, continuity in the law, and essential justice confront the court and all relevant records are before it." *Johnson v. Mo. Dept. of Health & Senior Serv's.,* 174 S.W.3d 568, 580 n. 3 (Mo.App. W.D.2005) (quotation omitted).